**FEDERAL INSURANCE COMPANY, Plaintiff,**

v.

**Robert E. MURRAY, et al., Defendants.**

**No. C-1-89-535.**

United States District Court, S.D. Ohio, W.D.

Aug. 30, 1990.

John Petro, Columbus, Ohio, for plaintiff.

Michael Maundrell, Sylvan Reisenfeld, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on defendant Fifth Third Bank's (Fifth Third) motion to dismiss (Doc. No. 16). Fifth Third contends that this action is barred by the doctrine of res judicata and seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff Federal Insurance Company (FIC) has filed an opposing memorandum (Doc.

No. 17) and Fifth Third has replied. (Doc. No. 18).

FIC brought this diversity action against defendants Robert E. Murray, the president of Becker Electric Company ("Becker"), James W. Thompson, an attorney, and Thompson's law firm, Thompson & Co., L.P.A. ("T & C") alleging *inter alia* breach of contract and unjust enrichment. Fifth Third was added as a party-defendant to this action by Order of this Court. (Doc. No. 13). The amended complaint charges that on November 20, 1984, Becker, as principal, and FIC, as surety, executed and delivered to the State of Ohio, a bid guaranty and contract bond in connection with a contract for electrical work to be performed at the Chillicothe Correctional Institution. On March 26, 1986, the State paid Becker a partial payment in the amount of $632,670.23 for work done pursuant to the Chillicothe contract. Allegedly, Murray, Thompson, and T & C took possession of this payment, deposited it in T & C's Trust/Escrow Account at The Huntington National Bank and paid Murray $100,-000.00 and Thompson and/or T & C $12,-375.78, respectively, from the payment. The remaining sum of $520,294.45 was deposited in Becker's account at Fifth Third and immediately taken by Fifth Third to offset outstanding loans owed by Becker to Fifth Third. A second payment made by the State pursuant to the Chillicothe contract was also deposited in Becker's account at Fifth Third and offset as well.

In April, 1986, Becker abandoned performance on the Chillicothe project. As Becker's surety, FIC completed Becker's contractual obligations, paid Becker's job creditors, and sustained a loss in excess of $1,100,000.00. FIC sued Fifth Third in August, 1986 to recover those payments which were made by the State, deposited in the Becker account, and offset by Fifth Third. Upon review of the district court's findings, the Court of Appeals for the Sixth Circuit held that:

[W]e conclude that an express trust was formed by the contract between Becker and the State. Since Ohio follows the "equitable rule" on the issue of whether the Bank could offset the money in Beck-

er's account which Becker held in trust, the Bank was precluded from offsetting the deposits representing progress payments. Federal, subrogated to the rights of the subcontractors who were the beneficiaries of the money Becker held in trust, is therefore entitled to the two deposits. *Federal Ins. Co. v. Fifth Third Bank*, 867 F.2d 330, 334 (6th Cir.1989), titled for purposes hereinafter as "FIC I".

In this action, FIC seeks to recover $112,375.78, or that portion of the first partial payment made by the State pursuant to the Chillicothe contract and paid over to defendants Murray, Thompson and T & C. During the course of this litigation, FIC contends that it learned for the first time that Murray paid Fifth Third the $100,000.00 he received from this partial payment, thereby obtaining a release from his personal liability on loan obligations to the bank. FIC filed an amended complaint alleging that Fifth Third wrongfully took possession of that sum. At issue is whether the previous litigation between FIC and Fifth Third for wrongful offset bars this suit between the same parties.

### *The Applicability of Res Judicata*

■ FIC I was a suit brought in federal court and therefore the federal rule of res judicata determines whether it should bar this litigation.[1] *Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir.), *cert. denied*, 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987) *citing* Restatement (Second) Of Judgments § 87 (1982); 18 Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4466 (1981); *see also Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978). The doctrine of res judicata as articulated by the Court of Appeals for the Sixth Circuit provides that a prior judgment bars an action if (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent

jurisdiction; (3) a final judgment on the merits was entered; and (4) both cases involve the same cause of action. *King v. South Cent. Bell Telephone & Telegraph*, 790 F.2d 524 (6th Cir.1986). FIC does not contest that the same parties litigated FIC I nor that a final judgment on the merits was rendered by a court of competent jurisdiction in that case. Rather, FIC contends that its claim against Fifth Third to disgorge the $100,000.00 it received from Murray is a distinct cause of action, separate from the claim litigated in FIC I.

To analyze whether FIC alleges a different cause of action against Fifth Third in this case, the Court relies on the explication of the doctrine of res judicata given in *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir.1981):

> The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. A final judgment on a claim is res judicata and bars relitigation between the same parties or their privies on the same claim. It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. To constitute a bar, there must be an identity of the causes of action— that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

*Id.* at 1227 (citations omitted). Final judgment on the merits binds parties "not only as to every matter which was offered and received to sustain or defeat the claim ..., but as to any other admissible matter which might have been offered for that purpose." *Lesher v. Lavrich*, 784 F.2d 193, 195 (6th Cir.1986) *citing Westwood*, 656 F.2d at 1227; *see also Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

■ The facts and evidence adduced in FIC I concern Fifth Third's offset of monies deposited in Becker's account. Any claim FIC could have brought with respect to its allegations of wrongful offset by

---

1. Both FIC and Fifth Third cite Ohio law to determine the res judicata effect of FIC I on this litigation, but federal law and not state law controls this inquiry.

Fifth Third should have been advanced in the previous litigation. Nonetheless, the principles of res judicata do not require a party to advance in a single lawsuit every grievance or claim it may have against a defendant, however distinct and unrelated.

The test of whether a cause of action in a second lawsuit is separate from the claim litigated in a prior case turns on whether new facts, and not simply a new theory of liability, is alleged. If, in this litigation, FIC had merely advanced a second theory of recovery based on Fifth Third's wrongful offset, res judicata would bar the action. Instead, FIC seeks to recover the $100,000.00 Murray allegedly paid to Fifth Third in exchange for a release from liability on bank loans. FIC's claim against Fifth Third to disgorge the $100,000.00 constitutes a separate cause of action due to the distinct facts and evidence underlying the claim. Moreover, contrary to Fifth Third's assertions, the record is devoid of evidence demonstrating that FIC knew during the course of FIC I that Murray paid those funds over to Fifth Third.[2] FIC was unaware of the second claim it had against Fifth Third for the $100,000.00 Fifth Third received from Murray until Murray divulged that information during the course of this litigation. FIC's second claim against Fifth Third, built on these new facts and provable by new evidence, is not barred by FIC I.

Accordingly, defendant Fifth Third's motion to dismiss this action based on res judicata is not well-taken and is hereby DENIED.

IT IS SO ORDERED.

---

**2.** Fifth Third points to deposition and trial testimony given in *FIC I* which *does* prove that FIC knew that Murray received $100,000.00 from the State's partial payment to Becker. Fifth Third neglects to link that knowledge with the crucial fact alleged in this case—that Murray in turn paid those funds to Fifth Third.