MUSA et al., Appellants,

v.

GILLETT COMMUNICATIONS, INC. et al., Appellees.

[Cite as *Musa v. Gillett Communications, Inc.* (1997), 119 Ohio App.3d 673.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70544.

Decided March 10, 1997.

See also, 94 Ohio App.3d 529, 641 N.E.2d 233.

674

676

*Jalil I. Musa, pro se.*

*Walter, Haverfield, Buescher & Chockley* and *Michael T. McMenamin,* for appellee Gillett Communications.

*Schulman, Schulman & Meros* and *Jack Schulman; Ulmer & Berne* and *Jeffrey W. Van Wagner; Walter, Haverfield, Buescher & Chockley* and *Frederick W. Whatley,* for appellee Better Business Bureau.

*Ulmer & Berne* and *Lawrence F. Peskin,* for appellee James M. Sutter.

---

Timothy E. McMonagle, Judge.

This court is asked to decide whether the trial court appropriately granted summary judgment to defendants-appellees, Gillett Communications, Inc., WJW Television and several of its employees, and the Better Business Bureau and its employee, James Sutter (collectively, "appellees"), on the basis that the state complaint filed by plaintiffs-appellants, Jalil Ibn Musa, Cleveland Ideas Diversified, Inc. and several of its subsidiaries (collectively, "appellants"), is barred by

the principle of *res judicata*. For the reasons that follow, we find that appellants' claims as stated in their state complaint are barred and, therefore, affirm the judgment of the Cuyahoga County Common Pleas Court, which granted summary judgment to appellees.

Appellants originally filed a complaint in state court against Gillett Communications, its affiliate WJW Television, and several of its employees (Phyllis Quail, Steve Bloomfield, Lori Taylor, Rick Young, and Dave Russ). Also named as defendants were the Better Business Bureau ("BBB") and its employee Jim Sutter. Listed as plaintiffs in this action were Jalil Ibn Musa, Cleveland Ideas Diversified, Inc. ("CID"), and three of CID's subsidiaries (Osmosis Pure Water of Northeast Ohio, CID/IOG Membership Group, and U.S. Sprinter's Network 2000). The complaint alleged that appellees collectively conspired to produce and televise a "Focus Report" that defamed plaintiff Musa, his corporation, and its unincorporated affiliates.

Subsequent to the filing of the state complaint, appellants filed a complaint in federal district court. The amended complaint listed as plaintiffs Jalil Ibn Musa, CID, and three of its subsidiaries (Osmosis Pure Water, Teledrumnet Media, and Cleveland Urban Credit Union). Named as defendants were Gillett Communications, Virgil Dominic (an employee of Gillett's affiliate WJW Television), the BBB, the law firm of Walter, Haverfield, Buescher & Chockley, and one of its attorneys (Frederick W. Whatley). The allegations in the federal complaint were based on the same "Focus Report" contained in appellants' state complaint but attempted to allege violations of Title IX of the Organized Crime Control Act of 1970, Section 1961 *et seq.*, Title 18, U.S.Code, more commonly known as "RICO." All defendants filed pre-answer motions to dismiss. Finding that the federal complaint failed to state a cognizable claim for relief under RICO, the United States District Court for the Northern District of Ohio, Eastern Division, granted the federal defendants' motions to dismiss. A subsequent appeal of this decision was dismissed for want of prosecution.

As a result of the federal district court's ruling, appellees Gillett Communications, WJW Television, and the WJW employees (collectively, "Gillett") moved for summary judgment [1] on the basis that appellants' state court claims were barred by the doctrine of *res judicata*. Appended to their motion were the federal and state court pleadings as well as the order and judgment of the federal district court. Appellants opposed this motion, arguing, *inter alia*, that the two actions were separate and distinct causes of action or, alternatively, that these appellees

---

1. All of the defendants' motions are designated as motions to dismiss. The body of each motion, however, requests relief pursuant to Civ.R. 56. For reasons discussed *infra*, we will treat defendants' motions as motions for summary judgment.

had implicitly agreed to maintain two separate suits by their acquiescence. Appellees BBB and James Sutter likewise filed motions for summary judgment premised on the same legal arguments advanced by the remaining appellees.[2] Finding that the federal court judgment dismissing the federal action precluded appellants from litigating the claims alleged in their state complaint, the trial court granted summary judgment to all appellees.

Appellants timely appeal and assert the following assignment of error for our review:

"The common pleas court erred in determining that plaintiffs' libel and slander case was barred by the doctrine of *res judicata,* because:

"1. The federal court judgment to dismiss cannot be considered on the merits because the substance of the claim was not comprehensible to the court.

"2. If the substance of the claim was comprehensible to the court, then it must be that the substance of the claim is the core or genesis which the federal court says is the investigation conducted by the BBB and not the so-called 'focus report' conducted by WJW TV–8, which defendants and the trial court claim is the 'core' cause of action. Therefore, the claims are not identical in both cases and cannot be used as a basis for *res judicata.*

"3. The complaint and pleading in the federal case were stricken and dismissed on pure procedural grounds and failure to meet local rules of the court. No issues were tried or litigated to any reasonable level. Likewise, an appeal was taken from the decision and was also dismissed by the clerk of court on procedural grounds. The judgment was not on the merits as a matter of law.

"4. *Res judicata* encompasses both claim preclusion and issue preclusion. No claims or issues were ever fully, fairly, actually, or necessarily litigated. In fact, corporate plaintiffs were never legally represented as required by the court and plaintiff Musa was denied leave to amend his complaint to cure deficiencies. A dismissal of a case on such grounds cannot establish a basis for preclusion using the doctrine of *res judicata.*

"5. Defendants could have objected to simultaneous lawsuits in their federal court motion to dismiss but did not. Their acquiescence acted as a waiver to raising a claim for *res judicata.* Moreover, the trial court should not have converted defendant's motion without notifying *pro se* plaintiffs. Thus, plaintiffs were denied due process and equal protection under the law.

---

**2.** While the trial court's opinion and the parties' briefs acknowledge that plaintiffs were given leave to file, and *reportedly* did file, a supplemental opposition brief, no such brief is part of the record on appeal. Moreover, the trial court docket sheet is completely devoid of any supplemental brief filed on behalf of plaintiffs. Consequently, the supplemental brief referred to is not before this court.

"6. It would be a manifest injustice to deny plaintiff his day in court on the basis of *res judicata*, especially when plaintiff is a lay person who has evidently tried his reasonable best to pursue trial by jury, even with ineffective assistance of counsel."

I

At the outset, it is necessary to address the argument of appellants that the trial court, without notice, erroneously converted appellees' motions to dismiss into motions for summary judgment. Appellants maintain that the appellees' motions thus remained motions to dismiss and that the defense of *res judicata* cannot be raised by a motion to dismiss.

Appellants are correct in stating that a court cannot convert a motion to dismiss into one for summary judgment without notice to the opposing party.[3] The purpose of notice is to afford the nonmoving party a reasonable opportunity to respond.[4] Moreover, the defense of *res judicata* is not properly raised by a motion to dismiss because of the necessity of bringing to the court's attention matters outside of pleadings.[5] It therefore becomes necessary to determine whether appellees' motions were before the trial court as motions to dismiss or as motions for summary judgment.

Notwithstanding the designations on appellees' motions, we conclude that appellees' motions are, in actuality, motions for summary judgment. It is not a motion's designation that is controlling; rather, a motion may be considered for what it is rather than for what it is designated as.[6]

Within the body of each motion, appellees request dismissal pursuant to Civ.R. 56, which governs motions for summary judgment. Each appellee appended documentary evidence to its motion in support of its *res judicata* argument.[7]

---

**3.** *Federated Dept. Stores, Inc. v. Lindley* (1987), 30 Ohio St.3d 135, 137, 30 OBR 447, 448–449, 507 N.E.2d 1114, 1116; *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 155–156, 4 OBR 396, 397–399, 447 N.E.2d 1285, 1286–1288; *Fraternal Order of Police v. D'Amico* (1982), 4 Ohio App.3d 15, 17, 4 OBR 36, 37–38, 446 N.E.2d 198, 201–202.

**4.** *Petrey, supra*, 4 Ohio St.3d at 155, 4 OBR at 397–398, 447 N.E.2d at 1286–1287.

**5.** See *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703–704.

**6.** *GMS Mgt. Co. v. Axe* (1982), 5 Ohio Misc.2d 1, 4, 5 OBR 53, 56–57, 449 N.E.2d 43, 46–47; *Vangelos v. Hallios* (Nov. 7, 1985), Cuyahoga App. No. 49464, unreported, 1985 WL 8418; see, also, *North Royalton Edn. Assn. v. Bd. of Edn.* (1974), 41 Ohio App.2d 209, 211, 70 O.O.2d 434, 435–436, 325 N.E.2d 901, 904.

**7.** While the evidentiary material attached to appellees' motions does not meet the requirements of Civ.R. 56(C), appellants did not object, and, therefore, the evidence was properly

In responding to the motion filed by appellee Gillett Communications, appellants requested that the trial court overrule this appellee's motion pursuant to Civ.R. 56. The trial court's opinion, likewise, refers to appellees' motions as motions for summary judgment.

■ Moreover, even if the motions could be considered as motions to dismiss rather than motions for summary judgment, appellants cannot complain that they were not given a reasonable opportunity to respond. The first motion was filed February 22, 1994, by appellee Gillett. Appellants opposed this motion more than thirty days later on March 25, 1994. Appellees James Sutter and the BBB filed similar motions on April 14, 1994 and April 28, 1994, respectively. Appellants requested and were given additional time to respond to these motions. A hearing on the motions was held on July 28, 1994. Even though it is not part of the record, the parties and the opinion of the trial court refer to a supplemental opposition brief.[8] Thus, the five-month interval between the filing of the first motion and that of the hearing gave appellants ample opportunity to respond to appellees' motions, and appellants cannot now claim that they were prejudiced by the form of the pleading.[9]

We, therefore, conclude that the motions filed by appellees were properly considered as motions for summary judgment regardless of their designations.

## II

We next address whether state or federal principles governing *res judicata* apply to the case *sub judice*. Notwithstanding the opinion of the trial court and the arguments of appellees, it is far from settled in this state that federal law determines the preclusive effect of a judgment rendered by a federal court.[10] To the contrary and without exception, state court opinions analyzing the preclusive

considered by the trial court. *State ex rel. Freeman v. Morris, supra,* 62 Ohio St.3d at 109, 579 N.E.2d at 703–704; *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222–223, 515 N.E.2d 632, 634–635; see, also, *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 492, 609 N.E.2d 1272, 1275; cf. *Internatl. Bd. of Elec. Workers v. Smith* (1992), 76 Ohio App.3d 652, 660, 602 N.E.2d 782, 786–787.

8. It is possible that appellants provided the trial court and opposing parties a courtesy copy of this brief at the time of hearing. Nonetheless, no such brief was ever filed, and, therefore, the brief is not part of the record. The fact that the supplemental opposition brief has not been made part of the record does not alter our conclusion.

9. See, *e.g., Platsis v. E.F. Hutton & Co., Inc.* (C.A.6, 1991), 946 F.2d 38, 42; *Wright v. Holbrook* (C.A.6, 1986), 794 F.2d 1152, 1156.

10. See 5 Anderson's Ohio Civil Practice (1995) 352–353, Section 183.12.

effect of an antecedent federal court judgment have consistently avoided the issue or have relied upon state law.[11]

This court believes it more appropriate to analyze the preclusive effect of a federal judgment by applying federal principles of *res judicata*. We, therefore, depart from the aforementioned line of cases that relied upon state law in determining the preclusive effect of a federal court judgment and hereby adopt Section 87 of the Restatement of the Law 2nd, Judgments (1982), which provides that "[f]ederal law determines the effects under the rules of *res judicata* of a judgment of a federal court."

Thus, our analysis of the preclusive effect of the district court's judgment in this case will be according to federal *res judicata* principles.

## III

Having determined that federal *res judicata* principles govern our analysis in this case, a federal court judgment will be given preclusive effect if the following are present:

1. There must be a final, valid judgment;

2. That has been rendered on the merits;

3. Between the same parties or those in privity with them; and,

4. The judgment must have been rendered upon the same claim or demand.[12]

## A

In order to be final and valid, a judgment must dispose of all the claims presented by a complainant against all parties unless otherwise specified by the district court.[13] A judgment so rendered is effective upon compliance with Fed.R.Civ.P. 58.

---

**11.** See *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 1244 (court relied on Ohio case law in determining whether state court claim was barred by collateral estoppel); *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69–70, 25 OBR 89, 90–91, 494 N.E.2d 1387, 1388–1389 (court relied only on Ohio case law in determining whether the state court claim was barred by *res judicata*); *Monahan v. Eagle Picher Ind., Inc.* (1984), 21 Ohio App.3d 179, 181, 21 OBR 191, 193–194, 486 N.E.2d 1165, 1168–1169 (the court cited *Parklane Hosiery, infra,* fn. 12, but otherwise relied upon Ohio case law for *res judicata* principles); *Calhoun v. Supreme Court of Ohio* (1978), 61 Ohio App.2d 1, 12, 15 O.O.3d 13, 19–20, 399 N.E.2d 559, 566 (court gave *res judicata* effect to federal court judgment without stating whether it was applying state or federal law).

**12.** *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559, fn. 5; *Commr. of Internal Revenue v. Sunnen* (1948), 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, 905–906. See, also, *Aircraft Braking Sys. v. Local 856, UAW* (C.A.6, 1996), 97 F.3d 155, 161; *Fed. Ins. Co. v. Murray* (S.D.Ohio 1990), 744 F.Supp. 176, 178.

**13.** See Fed.R.Civ.P. 54(b).

In this case, the requirements for a final and valid judgment were satisfied. The federal district court issued an order disposing of the pending motions before it on April 5, 1993. On the same day, it issued a judgment entry in compliance with Fed.R.Civ.P. 58.

Thus, the judgment of the federal district court is a final, valid judgment.

## B

Notwithstanding the finality of the federal district court judgment, the judgment must be "on the merits." Appellants contend that the judgment was not on the merits because the substance of the claim was incomprehensible to the court. Alternatively, appellants argue that the dismissal was purely procedural and, thus, no issues were actually litigated.

In general, a dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, without exception, is on the merits unless the contrary appears on the record or is stated in the order of dismissal.[14] When, as in this case, leave to amend a complaint has been sought and denied, the plaintiff has the burden of either persuading the court to designate the dismissal as "without prejudice" or appealing the ruling. Otherwise, such a dismissal is on the merits and is, thus, "actual litigation." [15]

Prior to the federal district court's judgment, appellants had already amended their complaint once and were seeking leave to amend a second time.[16] The record does not reflect that appellants attempted to persuade the district court to designate the dismissal as one without prejudice in order to permit them to cure the deficiencies in their complaint. While appellants did appeal this ruling, the appeal was dismissed for failure to prosecute.

Appellants attempt to characterize their own inexperience or, while represented, that of their counsel, in failing to properly plead their case in federal court as one worthy of special consideration. Such an argument, however, provides no basis for relief.[17] Indeed, a *pro se* litigant is bound by the same rules

---

**14.** *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 399, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103, 109, fn. 3.

**15.** See *Guzowski v. Hartman* (C.A.6, 1988), 849 F.2d 252, 255–256.

**16.** In its opinion, the federal district court denied appellants' motion for leave to amend on the basis that the second amended complaint failed "to cure the deficiencies in the Amended Complaint."

**17.** See *Teltronics Serv., Inc. v. LM Ericsson Telecommunications, Inc.* (C.A.2, 1981), 642 F.2d 31, 35; *Lambert v. Conrad* (C.A.7, 1976), 536 F.2d 1183, 1186.

of law, including the law of preclusion, as those who are represented by counsel.[18]

Moreover, appellants' argument that their federal court complaint was incomprehensible does not imply that the district court was unable to determine the wrong from which appellants were seeking redress.[19] What was clear to the district court was that appellants were attempting to allege violations of RICO based on the events that served as a basis for the "Focus Report." That appellants failed to sufficiently plead such a claim was the cause for the dismissal, not that appellants' complaint was incomprehensible.

Thus, nothing prevents this court from concluding that the judgment of the federal district court is anything other than "on the merits."

## C

Having satisfied the first two requirements of *res·judicata*, a judgment will be given preclusive effect if the two actions are between the same parties or those in privity with them. It does not bind persons who were neither parties nor in privity with a party.[20] A party is in privity with another if the parties are successively related or bear a sufficiently close relationship to the original party to justify preclusion.[21] Thus, parties who serve in a representative capacity, including corporations, satisfy this identity requirement.[22] Consequently, subsidiaries of a parent corporation are sufficiently related, thereby satisfying the requirement of identity of parties.[23]

In this case, appellants' complaint filed in state court listed Jalil Ibn Musa, CID, three of CID's subsidiaries (Osmosis Pure Water, CID/IOG Membership and U.S. Sprinter's Network 2000), and the BBB as plaintiffs. Named as defendants were Gillett Communications, its affiliate WJW Television, and several WJW employees (Phyllis Quail, Steve Bloomfield, Lori Taylor, Rick Young, and Dick Russ). The complaint filed in the federal district court again listed as plaintiffs Jalil Ibn Musa as owner of CID, CID, and three CID subsidiaries

---

18. See *Carlin v. Gold Hawk Joint Venture* (S.D.N.Y.1991), 778 F.Supp. 686, 693; see, also, *Mathews v. New York Racing Assn., Inc.* (S.D.N.Y.1961), 193 F.Supp. 293, 295.

19. *Micklus v. Greer* (C.A.8, 1983), 705 F.2d 314, 316.

20. See *Hansberry v. Lee* (1940), 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22, 26.

21. *Cent. Hudson Gas & Elec. v. Empresa Naviera* (C.A.2, 1995), 56 F.3d 359, 367–368; *Platsis v. E.F. Hutton & Co., Inc.* (C.A.6, 1991), 946 F.2d 38, 42; *McLaughlin v. Bradlee* (D.D.C., 1984), 599 F.Supp. 839, 847–848.

22. See *In re Teltronics Serv., Inc.* (C.A.2, 1985), 762 F.2d 185, 191.

23. *Id.*

(Osmosis Pure Water, Teledrumnet Media, and Cleveland Urban Credit Union). Named as defendants in this action were Gillett Communications, Virgil Dominic (an employee of its affiliate, WJW Television), the BBB, the law firm of Walter, Haverfield, Buescher & Chockley, and one of its attorneys (Frederick W. Whatley).

While the plaintiffs named in the two actions differ as to two of the named subsidiaries, this is insufficient to defeat the identity-of-parties requirement.[24] The same is true for the BBB and those employees of WJW Television named in the state action but not the federal action. A judgment on the merits for an employer bars an action against an employee, particularly, as in this case, where it is conceded in the prior action that the employee was acting within the scope of his or her employment.[25] Consequently, further action against the employees is precluded despite their absence as parties in the federal action because any potential liability against them is only vicarious.[26]

Because the actions filed in state and federal court were between the same parties or those in privity with them, the third requirement is satisfied.

### D

Lastly, it must be determined whether the judgment of the federal district court was upon the same claim or demand. Appellants urge this court to find that the two claims were different because the thrust of the federal court complaint was not the "Focus Report" but, rather, the investigative techniques employed by the BBB. Appellees, on the other hand, maintain that the same set of operative facts served as the basis for both complaints, namely, the circumstances surrounding the "Focus Report."

While the doctrine of *res judicata* bars relitigation of a second suit based upon the same cause of action between the same parties or those in privity with a party, it does not bar a second suit on a different cause of action.[27] In general, a "cause of action" is defined by the injury for which a plaintiff seeks relief and is not dependent upon the legal theory relied upon.[28] The primary test for determining if two separate lawsuits are based on the same cause of action is

---

24. See *Teltronics*, 762 F.2d at 191.

25. See *Lubrizol Corp. v. Exxon Corp.* (C.A.5, 1989), 871 F.2d 1279, 1288–1289; see, also, *Platsis*, 946 F.2d at 42; Restatement of the Law 2nd, Judgments (1982) 47, Section 51.

26. *Id.*

27. *Parklane Hosiery*, 439 U.S. at 327, 99 S.Ct. at 649–650, 58 L.Ed.2d at 559–560, fn. 5.

28. *Harper Plastics, Inc. v. Amoco Chem. Corp.* (C.A.7, 1981), 657 F.2d 939, 945.

whether both suits arise out of the same operative facts.[29] If this is the case, then a second suit based on the same set of facts is barred by *res judicata* provided there are no barriers that would prevent a litigant from presenting to the court the entire claim, including any theories of recovery or demands for relief that were available to the litigant under applicable law.[30] Thus, where the basis for relief relies upon the same set of facts, it is incumbent upon a plaintiff to join as many possible theories of recovery in one action or risk being precluded from seeking such relief in a separate action.[31]

■ Despite appellants' characterization of the complaint filed in federal district court as one seeking redress for the investigative techniques of the BBB, it is unmistakably premised on the same set of operative facts that serve as a basis for appellants' complaint filed in state court. Specifically, the allegations in appellants' federal complaint surround the events of December 1988 when WJW Television produced and then broadcast a "Focus Report" with appellant Musa, his corporation, and its subsidiaries as the subject. The complaint further alleges that BBB employees provided WJW Television with the information on which the report was based. This is the very same set of facts that serves as a basis for the allegations contained in appellants' complaint filed in state court. It is of no consequence that each complaint asserts that appellants are entitled to relief based on different theories.[32] Both complaints are premised on the events surrounding WJW Television's broadcast of its "Focus Report" which featured appellants. A review of the record does not reveal that appellants were prevented from joining all possible forms of relief in one action. Therefore, it was incumbent upon them to plead any and all possible theories of recovery associated with this "Focus Report" in one action or be forever barred from seeking such relief.

Thus, the judgment rendered by the federal district court was based upon the same claim as that alleged in the complaint filed by appellants in state court.

---

29. *Id;* see, also, *Matter of Energy Co-op., Inc.* (C.A.7, 1987), 814 F.2d 1226, 1230; *Brown v. Federated Dept. Stores, Inc.* (C.A.9, 1981), 653 F.2d 1266, 1267.

30. See *Young Engineers, Inc. v. U.S. Internatl. Trade Comm.* (Fed.Cir.1983), 721 F.2d 1305, 1315. As it pertains to this case, this would involve a refusal by the district court to join any pendent state claims. Appellants interjected no such claims. Therefore, there were no barriers preventing appellants from presenting their entire claim.

31. See *Qualicare–Walsh, Inc. v. Ward* (C.A.6, 1991), 947 F.2d 823, 826; *White v. Colgan Elec. Co., Inc.* (C.A.6, 1986), 781 F.2d 1214, 1216.

32. *Harper,* 657 F.2d at 945.

## IV

Last, this court will address appellants' argument that appellees waived their right to assert the defense of *res judicata* because of their acquiescence. Specifically, appellants contend that appellees failed to object to the existence of simultaneous lawsuits.

In general, a party can waive the defense of *res judicata* if it is not properly pled as an affirmative defense.[33] Where, as here, the basis for employing the doctrine of *res judicata* does not exist by the time an answer must be filed, the defense may be raised by motion.[34]

Our review of the record reveals that appellees' conduct does not amount to acquiescence. Appellants filed their complaint in federal district court *after* they filed their complaint in state court. All named defendants in the federal court action filed pre-answer motions to dismiss, which were ultimately granted. It was not until after the federal district court rendered its judgment that appellees sought to preclude further litigation on appellants' state court complaint on the basis of *res judicata* by filing motions for summary judgment in state court. Consequently, it cannot be said that appellees waived their right to assert the defense of *res judicata* through their collective acquiescence.

## V

In reviewing a motion for summary judgment, an appellate court conducts a *de novo* review of the trial court's decision. "A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C)."[35] Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party."[36]

---

**33.** See *Russell v. SunAmerica Securities, Inc.* (C.A.5, 1992), 962 F.2d 1169, 1172; *Marcus v. Sullivan* (C.A.7, 1991), 926 F.2d 604, 615.

**34.** *Brown v. J.I. Case Co.* (C.A.7, 1987), 813 F.2d 848, 856.

**35.** *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 814, 589 N.E.2d 1365, 1367–1368.

**36.** *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

Because the judgment of the federal district court was a final, valid judgment on the merits between the same parties or those in privity with them and was based on the same claim, the trial court properly granted summary judgment to appellees on the basis that appellants' state court complaint was barred by the doctrine of *res judicata.* Consequently, no genuine issues remained for trial, and appellees are entitled to judgment in their favor as a matter of law.

Accordingly, appellants' assignment of error is overruled.

*Judgment affirmed.*

SPELLACY, C.J., and PORTER, J., concur.