Being unable to agree with the majority, I respectfully dissent. The majority holds that because the federal district court denied plaintiff's motion for leave to amend on jurisdictional grounds, this case does not fall within the general rule that a denial of a motion to amend bars subsequent litigation on the claims that were the subject of the proposed amendment. I do not dispute the general proposition underlying the majority's decision that a federal district court's refusal to exercise supplemental jurisdiction over pendant state-law claims generally should not bar subsequent litigation of such claims. I believe, however, that by applying this rule here, the majority fails to focus on the basis of the rule itself and for claim preclusion in general — i.e., that litigants must bring all claims arising out of the same transaction or occurrence in a single action if possible. I believe that when this case is analyzed with the underlying purposes for the rule in mind, plaintiff is barred from attempting to relitigate his state-law disability claim here.
First, it should be noted that resolution of plaintiff's federal case was otherwise a decision on the merits. The district court granted summary judgment for the defendants on all of plaintiff's claims, both federal and state, pending before it. Thus, under the general rules of claim preclusion, plaintiff is barred from relitigating not only those claims that were actually litigated in the federal action but any claim that could or should have been litigated because it arose out of the same underlying transaction or occurrence. SeeGrava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381-384;Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." National Amusements v. Springdale (1990),53 Ohio St.3d 60, 62; see, generally 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. Thus, the only issue here is whether plaintiff's last-minute attempt to add his state-law disability claim should exempt that claim from the preclusive effect of the federal court's final judgment.
In holding that the federal district court's refusal to exercise supplemental jurisdiction over plaintiff's state-law disability claim prevents application of claim preclusion to that claim, the majority applies a rule born out of case law inapposite to what happened here. In particular, the rule properly applies where a plaintiff brings both state and federal claims arising out of the same transaction in a single action in federal court, but for any number of reasons, the federal district court subsequently refuses to assert supplemental jurisdiction over the state law claims. See,e.g., Deryck v. Akron City School Dist. (Aug. 17, 1988), Summit App. No. 13442, unreported, Hattie v. Stark County Departmentof Human Services (Dec. 20, 1993), Stark App. No. CA9351, unreported. In such cases, claim preclusion does not bar subsequent litigation of the state-law claims because the plaintiff did all that he could to bring all of his claims in one action. In contrast, where the plaintiff could have but fails to bring his state-law claims in federal court, the rule does not apply. Rather, in such cases, claim preclusion bars subsequent attempts to litigate the state-law claims. See,e.g., Plazzo v. Nationwide Mutual Ins. Co. (Feb. 14, 1996), Summit App. No. 17022, unreported. ("In as much as plaintiff could have attempted to bring his state law breach of contract claim in his 1987 federal lawsuit but failed to do so, he is precluded from raising it in a subsequent state proceeding.");Musa v. Gillett Communications (1997), 119 Ohio App.3d 673,685-687 (since record showed no barrier to plaintiff bringing claim in prior federal action, plaintiff was barred from subsequent litigation of claim in state court).
The purpose of the rule, like the purpose of claim preclusion in general, is to encourage and protect litigants who attempt to avoid piecemeal litigation of their cases by bringing all of their claims in one action, not to protect litigants who do not. See Keeley Assoc., Inc. v. Integrity Supply, Inc.
(1997), 120 Ohio App.3d 1, 6 (res judicata "is designed to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence"); Metropolis Night Club, Inc. v.Ertel (1995), 104 Ohio App.3d 417, 419 (purpose of res judicata
is to save time and relieve court congestion by encouraging, if not commanding, that parties litigate all of their claims in one action). Thus, the relevant inquiry in a case such as this is whether or not plaintiff attempted to avoid piecemeal litigation of his case; or in other words, did the plaintiff do what he could to bring all of his claims in one action?
Here, except for his last-minute motion for leave to amend, plaintiff took no action to join his state disability discrimination claim with his pending federal action despite considerable opportunity to do so. In fact, when plaintiff first filed his action against the defendants in March 1995, he raised both federal and state-law claims but failed to include his state-law disability claim even though he had otherwise alleged it in his administrative complaint with the OCRC the preceding year. Furthermore, on April 24, 1997, when plaintiff eventually did allege his state disability discrimination claim against defendants, he did so by filing a new, separate complaint in state court, rather than attempting to join the claim to his already pending federal action. Thus, plaintiff purposefully split his claims against the defendants at that time. Finally, it was not until two months after the defendants moved for summary judgment in the federal action that plaintiff finally moved for leave to add his state disability discrimination claim. Significantly, even after it disposed of plaintiff's federal claims on summary judgment, the federal court continued to assert supplemental jurisdiction over plaintiff's other state-law claims. The district court then refused to assert supplemental jurisdiction over the proposed state disability claim only after it had disposed of all of plaintiff's other claims, both state and federal.
Given the procedural history of this case, I believe that plaintiff had a full and fair opportunity to present his state disability claim to the federal district court but failed to avail himself of that opportunity. Application of claim preclusion requires nothing more. Cf. Grava, supra, at 383 (application of claim preclusion was not unjust since plaintiff "had a full and fair opportunity to present his case * * * [but] simply failed to avail himself of all possible grounds for relief in the first proceeding."); Musa, supra, at 686 ("[I]t is incumbent upon a plaintiff to join as many possible theories of recovery in one action or risk being precluded from seeking such relief in a separate action."). "The law of resjudicata now reflects the expectation that parties who are given the capacity to present their 'entire controversy' shall in fact do so." 1 Restatement of the Law 2d, Judgments (1982), 209, Section 24, Comment a.
Accordingly, I would overrule plaintiff's assignment of error and affirm the trial court's decision.