DECISION AND JUDGMENT ENTRY
This is an appeal from an order of the Lucas County Court of Common Pleas, granting summary judgment to a product manufacturer and retailer in a suit which alleged unfair dealings by an insurer and a building contractor, neither of whom was made a party to the suit. Because we conclude that summary judgment was proper, we affirm.
Appellants are William Wysowaty and the estate of his late wife, Nancy Wysowaty.[1] In 1993, the Wysowatys purchased an electric blanket in a store owned by appellee J.C. Penney Company, Inc.; the blanket was manufactured by appellee Sunbeam Corporation. The day the Wysowatys began to use the electric blanket a fire broke out in their bedroom, causing extensive damage to their home. The Wysowatys' homeowner's insurer, Western Reserve Casualty Company ("Western Reserve"), covered the loss which was in excess of $70,000.
In November 1995, just short of the second anniversary of the fire, Western Reserve, as subrogee of appellants' claim, initiated a products liability suit in state court alleging that the fire and subsequent damage were caused by the faulty design or manufacture of the electric blanket. William Wysowaty, as the named insured on the homeowners policy issued by Western Reserve, was included as a plaintiff in the suit for the purpose of recouping his $100 deductible. In December 1995, the case moved to federal court.
On January 5, 1996, William Wysowaty sought to amend the complaint by adding Nancy Wysowaty as a plaintiff and by alleging various unfair dealings and misrepresentation against Western Reserve Insurance, the insurance adjuster hired by Western Reserve, and the contractor who performed the repairs on the Wysowatys' home. The federal court rejected the Wysowatys' motion, concluding that Nancy Wysowaty was barred from her products liability claim when she failed to sue or seek to be joined to the suit prior to the expiration of Ohio's two-year products liability statute of limitations. With respect to William Wysowaty's additional claims, the court found that these constituted essentially, "* * * a dispute between a policyholder and his insurance company" and did not involve the, "* * * same transaction, occurrence or core of operative facts involved in the original complaint." As a result, the federal court ruled, "* * * it would be inappropriate for him to be allowed to bring claims against the current defendants for these additional injuries." In subsequent motions to reconsider, the federal court reiterated its denial of the Wysowatys' motion to amend.
Eventually, Western Reserve and appellees settled the suit. When appellees tendered to William Wysowaty the $100 he claimed in the unamended complaint, he was permitted to dismiss his case without prejudice. A subsequent appeal of the federal district court's order denying appellants' motion to amend proved unavailing. Western Reserve Mut. Cas. Co. v. J.C. Penney Co.
(C.A.6 1998), 165 F.3d 30.
On April 22, 1998, appellants instituted the suit underlying this appeal in the Lucas County Court of Common Pleas, with the filing of a complaint that was identical to the amended complaint disallowed by the federal court. Neither appellants' insurer, Western Reserve, its adjustor, nor the contractor who performed the allegedly faulty work on appellants' home were named in the new suit.
Appellees answered the complaint by denying the allegations and raising several defenses including res judicata, collateral estoppel, statute of limitations bar and failure to state a claim upon which relief may be granted. Appellees then moved for summary judgment, reasserting their issue and claim preclusion argument. The trial court concluded that, irrespective of the "dismissal without prejudice" language in the federal case, that ruling was a final adjudication of the claims on the merits and granted summary judgment to appellees. From this judgment, appellants now bring this appeal in which they raise the following three assignments of error:
 "1. TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS IN THE FIRST ACTION, IN WHICH, MR. WYSOWATY WAS A PARTY PLAINTIFF, WAS DISMISSED BY THE FEDERAL COURT `WITHOUT PREJUDICE'; AND, ALSO, OR IN THE ALTERNATIVE, THE DISMISSAL OF THE PRIOR ACTION BY PLAINTIFF WYSOWATY WAS A DISMISSAL BY A COURT NOT THEN HAVING JURISDICTION BECAUSE THE AMOUNTS IN DISPUTE DID NOT RISE TO A LEVEL REQUIRED FOR SUCH AN ACTION IN THE FEDERAL COURT.
 "2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ALLOWING THE FIFTH THIRD BANK, EXECUTOR OF THE ESTATE OF NANCY L. WYSOWATY, DECEASED TO PROCEED AS A PARTY PLAINTIFF, AND TO ALL OF HER CLAIMS, WHICH TRULY `AROSE OUT OF . . . THE OCCURRENCE" WHICH WAS THE FIRE OF NOVEMBER 25, 1993, PROXIMATELY CAUSED BY THE NEGLIGENCE AND RECKLESS CONDUCT OF SUNBEAM.
 "3. THE COURT COMMITTED REVERSIBLE ERROR WHEN PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT IN THIS STATE ACTION TO ALLEGE PUNITIVE DAMAGES WAS DENIED."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
We shall discuss these assignments of error together.
The trial court properly identified the principal issue in this matter: that being, the effect of the federal judgments on the present suit. In their motion for summary judgment, appellees assert that the federal judgments bar any further litigation of appellants' claims by application of the doctrine of res judicata. Appellants respond that since the federal court dismissed their claims "without prejudice," the order was not a final order and, therefore, res judicata does not apply.
A claim litigated to finality in federal court cannot be relitigated in state court. Rogers v. Whitehall (1986), 25 Ohio St.3d 67,70. Federal principles of claim preclusion hold that if a preceding action and subsequent action are identical in parties and causes of action and a final judgment has been had on the merits, subsequent claims are barred not only on those legal theories actually raised, but any other legal theories which might have been litigated. See River v. Barberton Bd. of Ed. (C.A.6 1998), 143 F.3d 1029, 1032.
The Ohio doctrine of claims preclusion is somewhat broader. There must still be a final judgment on the merits and the parties must be the same or in privity in the two actions, but the claims advanced need not be identical. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 381. In Ohio, the doctrine bars not only claims which were actually litigated, but any claims which could have been litigated in the same proceedings. Id. at paragraph 1 of the syllabus.
There has been some dispute as to whether, when in applying claims preclusion between federal judgments and Ohio claims, the federal or state version of the doctrine should be utilized. See Musa v. Gillett Communications (1997), 119 Ohio App.3d 673,681-682; but, see, Kelly v. Georgia-Pacific Corp.
(1989), 46 Ohio St.3d 134, 137-138; Roger v. Whitehall, supra. In this matter the trial court, however, concluded that any distinction was immaterial as it was undisputed that the parties in the two actions are the same or in privity and the causes of action are the same.[2] The only issue, according to the trial court, was whether the federal court's dismissal "without prejudice" was indeed a final judgment on the merits.
Concluding that appellants had a "full and fair opportunity to be heard in the federal court system," the trial court found that the various federal orders constituted a final adjudication on the merits. To hold otherwise, the trial court concluded, "* * * would elevate form over substance."
The proposition that form should not hold sway over substance is well rooted in Ohio jurisprudence. See, e.g. State,ex rel. Cleveland Steel Erectors Corp. v. Stewart (1999), 86 Ohio St.3d 578,581; International Lottery v. Kerouac (1995), 102 Ohio App.3d 660,665, Elyria v. Cress (1991), 73 Ohio App.3d 5,7.
The substance of the federal court's rulings comes from its preliminary ruling on appellants' motion to add Nancy Wysowaty as a plaintiff and to amend the complaint to add claims based on allegations of fraud and misdealings by the Wysowatys' insurer and its alleged agents in repairing their home.
The federal court rejected Nancy Wysowaty's request to join the case because it found her separate claims were barred by Ohio's statute of limitations. A prior court's ruling that a claim of a plaintiff is barred by the statute of limitations is on the merits and will act as a subsequent bar to relitigating the claim. LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, syllabus.Nathan v. Rowan (C.A.6 1981), 651 F.2d 1223, 1226. Consequently, the trial court's application of claim preclusion for Nancy Wysowaty's claim was proper.
With respect to William Wysowaty's amended complaint, the federal court characterized this as an attempt, "* * * to hold [appellees] liable for Western Reserve's failure to restore him to his position before the fire * * *." The court noted that it could permit added claims only if the claims involve the "`same transaction, occurrence, or core of operating facts involved in the original claim.'" Western Reserve v. J.C. Penney Co. (June 11, 1995), N.D.Ohio No. 95CV7725, unreported, at 6, quoting Percyv. San Francisco Gen. Hosp. (C.A.9 1988), 841 F.2d 975, 978. Amendment is not permitted when the amendment involves new claims implicating a "new set of actors" who allegedly injured a plaintiff in a subsequent independent proceeding. Id. citing Percy at 980. Such is the case here, the federal court concluded,
 "The original complaint involved product liability claims against Sunbeam and J.C. Penney. The new claims involve complaints with the manner in which Western Reserve and the contractors repaired Mr. Wysowaty's house This is not a case in which a tortfeasor is held liable for the damages caused by the negligence or mistake of a physician treating the injuries caused by the original tort. It is, instead, a dispute between a policyholder and his insurance company. Consequently, it would be inappropriate for him to be allowed to bring claims against the current defendants for these additional injuries."
We view this explanation from the federal court as a ruling that, as a matter of law, the allegations of the amended complaint are so attenuated from appellees' original tortious behavior as to form an intervening or superseding cause for the additional damages alleged. See Keeton, Prosser and Keeton on Torts (5 Ed. 1984), 313. In essence, the federal court found that the amended complaint failed to state a claim for which relief could be granted against these defendants. When such a judgment is made with prejudice, it is on the merits and, therefore, is entitled to a subsequent bar by the doctrine of res judicata.Sizemore v. Smith (1983), 6 Ohio St.3d 330, 337.
The argument in opposition, of course, is that the federal court classified the dismissal as "without prejudice." However, whether we follow the trial court's reasoning and refuse to elevate form over substance or independently conclude, seeBridge v. National Engineering Construction Co. (1990), 49 Ohio St.3d 108,111, that the federal court was correct in its analysis of these claims, appellants do not prevail. These claims are separate and apart from any damages that reasonably flow from the original negligence of appellees. Consequently, the federal court was, as the Sixth Circuit concluded, correct in rejecting their joinder to the original suit and, in our view, the trial court was correct in rejecting appellant's attempt to relitigate this matter.
Accordingly, all of appellants' assignments of error are not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., CONCUR.
[1] Nancy Wysowaty died of unrelated causes during the course of this litigation.
[2] The trial court noted that the amended complaint rejected by the federal court is nearly word for word identical to the complaint in this action.