DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied a motion for jail time credit filed by appellant, Randy Beaudry. Appellant asserts in his sole assignment of error that the trial court erred in failing to grant him jail time credit in both cases. This court dismisses this appeal for lack of jurisdiction.
The following facts are relevant to this appeal. On April 24, 1996, appellant entered a guilty plea, pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, to a lesser included charge of drug abuse, a violation of R.C. 2925.11, in Case No. CR 95-6406. Appellant was sentenced to one and one-half years on the drug charge. The sentence on this charge was to be served consecutively to the sentence ordered in another case, Case No. CR 94-6904. The imposition of the incarceration portion of appellant's sentence was suspended and appellant was placed on probation for four years; appellant was ordered to serve the first six months of probation at the Correctional Treatment Facility ("C.T.F.").
On August 12, 1999, the trial court was notified that appellant had violated his probation after appellant was arrested on July 25, 1999, on criminal charges of permitting drug abuse and theft. A capias was issued on April 11, 2000 after appellant failed to appear for a probation violation hearing. On August 16, 2000, a probation violation hearing was held at which appellant admitted to a probation violation. A sentencing hearing was held on January 17, 2001. In a January 19, 2001 judgment entry, appellant's probation was revoked and appellant was sentenced to one and one-half years on the drug charge (Case No. CR 95-6406) to be served concurrently with the sentence imposed in Case No. CR 94-6904.
On March 9, 2001, appellant filed a pro se motion for jail time credit; the caption on the motion included both case numbers and requested the same amount of jail time credit in both cases for the six months spent at C.T.F., an additional one hundred eighty days. On March 21, 2001, the trial court granted appellant's motion for jail time credit in Case No. CR 94-6904 but denied the motion as to Case No. CR 95-6406. On April 12, 2001, appellant filed another motion for jail time credit, essentially advancing the same argument made in his prior motion.[1] On April 24, 2001, the trial court denied the motion.
Upon review of the procedural history of this case, this court need not reach the merits of appellant's argument. This court begins by noting that "* * * a pro se litigant is bound by the same rules of law * * * as those who are represented by counsel. (Citations omitted.)" Musa v.Gillett Communications, Inc. (1997), 119 Ohio App.3d 673, 683-84.
The Ohio Rules of Civil Procedure do not provide for motions for reconsideration; therefore, such motions are considered a nullity. Pittsv. Dept. of Transportation (1981), 67 Ohio St.2d 378. In ClevelandHeights v. Richardson (1983), 9 Ohio App.3d 152, 153, the court stated: "A motion for reconsideration is conspicuously absent within the Criminal Rules." The Richardson court also found that the trial court's order granting said motion to be a nullity. Id. It follows that because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment. Kauder v. Kauder (1974),38 Ohio St.2d 265, 267.
Assuming arguendo that appellant intended to appeal the March 21, 2001 judgment denying the first motion for jail time credit, appellant failed to timely file his notice of appeal. Pursuant to App.R. 4(A) "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." The filing of a motion for reconsideration does not toll the time in which an appeal must be filed. Ditmars v. Ditmars (1984), 16 Ohio App.3d 174,176. "* * * Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." State ex rel.Pendell v. Adams Cty. Bd. Of Elections (1988), 40 Ohio St.3d 58, 60.
Because appellant has failed to invoke this court's jurisdiction to review the March 21, 2001 judgment, his appeal is ordered dismissed. Appellant is ordered to pay court costs for this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J. JUDGES CONCUR.
[1] Although appellant's motion was styled as a motion for jail time credit, in essence, there was no difference between it and a motion for reconsideration of the trial court's prior ruling on appellant's first motion for jail time credit. Indeed, in his appellate brief, appellant denominates this second motion as a motion for reconsideration. The determination of whether a motion has been presented to the court should not turn on a document's form or label, but upon what the document seeks. Form should not be allowed to govern over substance. See Statev. Davidson (1985), 17 Ohio St.3d 132, 135.