OPINION
{¶ 1} This matter is before the court upon a notice of appeal filed by defendant-appellant, Timothy Scott Workman, and a motion to dismiss the appeal filed by plaintiff-appellee, the state of Ohio.
 {¶ 2} Appellant was convicted of aggravated robbery and a firearm specification following a 1993 jury trial in the common pleas court. This court dismissed appellant's direct appeal of his conviction and sentence as wholly frivolous on the basis of Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396. See State v. Workman (Jan. 18, 1994), Butler App. No. CA93-04-059.
 {¶ 3} More than eight years later, on May 21, 2002, appellant filed a pro se "Motion to Set Aside Sentence," claiming he should be granted a new trial because of trial counsel's deficient performance. In a November 25, 2002 entry, the trial court, referring to appellant's motion as a "Motion for Early Release from Confinement," denied the requested relief.[1] Appellant timely appealed the denial of his May 21 motion.
 {¶ 4} The state's pending motion to dismiss the appeal is predicated upon its claim that the trial court actually treated appellant's May 21 motion as one for shock probation under former R.C.2947.061. Since a trial court's order denying shock probation under former R.C. 2947.061 is not a final appealable order, the state asserts that the appeal should be dismissed. See State v. Coffman,91 Ohio St.3d 125, 2001-Ohio-273, syllabus.
 {¶ 5} This case presents a unique opportunity to address the practical difficulties associated with the construction of motions and pleadings. The trial court and the parties have interpreted appellant's motion based upon the respective caption or title each has associated with it. As originally filed by appellant, the motion is captioned as a motion to set aside sentence. In denying the motion, the trial court called it a motion for early release from confinement. In arguing that this appeal should be dismissed, the state styles appellant's motion as seeking shock probation.
 {¶ 6} It is not a motion's designation or title that is controlling. Musa v. Gillette Communications, Inc. (1997),119 Ohio App.3d 673, 680. Rather, a motion should be considered for what it is and its content rather than how it is designated. Id.
 {¶ 7} Having carefully reviewed the motion, we note that appellant alleges multiple claims of ineffective assistance by trial counsel. Specifically, appellant raises several instances in which he claims counsel failed to either contact or call witnesses on appellant's behalf, as well as counsel's failure to discover and produce evidence crucial to the defense. Appellant concludes by stating that although he recognizes he is not entitled to a judgment of acquittal, he requests that the trial court "set aside the verdict and sentence and grant a new trial in this matter."[2]
 {¶ 8} Based upon its substantive content, appellant's motion can only be construed as a motion for new trial, the denial of which clearly constitutes a final appealable order. See State v. Larkin (Sept. 25, 1998), Hamilton App. No. C-970255 (denial of motion for new trial is a final appealable order, citing State v. Matthews, 81 Ohio St.3d 375,1998-Ohio-433); State v. Brooks (Aug. 5, 1999), Cuyahoga App. No. 75522 (denial of motion for new trial is a final appealable order).
 {¶ 9} Having determined the nature of appellant's motion, the trial court should have the first opportunity to review and rule upon the motion before this court considers the merits of whether the motion was properly denied. Accordingly, the state's motion to dismiss the appeal is denied. We reverse the denial of appellant's motion and remand this matter to the trial court with instructions to analyze and decide the motion as a motion for a new trial under Crim.R. 33.
YOUNG, P.J., and POWELL, J., concur.
[1] The trial court gave no basis or reason for its decision. It simply issued an entry referring to the motion as one for early release from confinement and denied it.
[2] This statement contradicts the trial court and the state's interpretations, both of which view the motion as one requesting some form of judicially ordered release from confinement. Appellant does not request that he be released from custody or discharged.