FEDERATED DEPARTMENT STORES, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., ET AL., APPELLEES.

[Cite as Federated Dept. Stores, Inc. *v.* Lindley (1987), 30 Ohio St. 3d 135.]

(No. 86-695—Decided May 20, 1987.)

136

*Jones, Day, Reavis & Pogue, Maryann B. Gall, Jane A. Rue, Smith & Schnacke* and *Leon L. Wolf,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellees.

COOK, J. The determinative issue in the instant appeal is whether a trial court may *sua sponte* convert a motion to dismiss, one of the grounds of which is the failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]), into a motion for summary judgment (Civ. R. 56) without notice to the parties.

Civ. R. 12(B) provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such mat-

ters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * * All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

Civ. R. 56(C), as to a motion for summary judgment, requires that "[t]he motion shall be served at least fourteen days before the time fixed for hearing. * * *"

In *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 4 OBR 396, 447 N.E. 2d 1285, syllabus, this court held:

"1. A court must notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. (Civ. R. 12[B], applied and construed.)

"2. A court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment 'at least fourteen days before the time fixed for hearing.' (Civ. R. 12[B] and 56[C], applied and construed.)"

The need for such notice was explained in *Petrey, supra*, at 155, 4 OBR at 398, 447 N.E. 2d at 1286, as follows:

"Civ. R. 12(B) further provides: 'All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.' Appellant argues, however, that he did not have a 'reasonable opportunity to present' pertinent materials because the court of common pleas did not notify him that it would convert appellee's motion to dismiss into a motion for summary judgment. We agree. 'If the conversion occurs unexpectedly, the non-moving party is left at the disadvantage of being unprepared to respond; hence notice is required. * * * The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.' (Citation omitted.) *Portland Retail Druggists Assn.* v. *Kaiser Found. Health Plan* (C.A. 9, 1981), 662 F. 2d 641, 645, analyzing comparable provisions in Fed. R. Civ. P. 12(b)." (Footnote omitted.)

In the instant cause, although appellees included the ground of lack of subject matter jurisdiction under Civ. R. 12(B)(1) in their motion to dismiss, said motion was also based on the ground of failure to state a claim for which relief can be granted under Civ. R. 12(B)(6). The record before this court indicates appellees, in support of their motion to dismiss, presented "matters outside the pleading" and such matters were not "excluded by the court." The record further indicates that the court treated the motion to dismiss as a motion for summary judgment but gave no notice to the parties that it was going to do so.

We hold that when a motion to dismiss, one of the grounds of which is the failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]), is treated by a court as a motion for summary judgment, the court must notify all parties that it has done so "at least fourteen days before the time fixed for hearing."

Accordingly, we reverse the judgment of the court of appeals to the extent it affirmed the trial court's granting of summary judgment in favor of appellees and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, SHANNON, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for LOCHER, J.

SHANNON, J., of the First Appellate District, sitting for HOLMES, J.