Defendant-appellant, Robert Wayne Johnson, appeals a decision of the Clinton County Court of Common Pleas dismissing his second petition for postconviction relief.
On September 9, 1987, appellant was indicted on one count of unlawful possession of a dangerous ordnance, two counts of felonious assault on a police officer, and seven counts of having weapons while under disability in violation of R.C. 2923.17,2903.11, and 2923.13 respectively.
On December 2, 1987, following a jury trial, appellant was found guilty as charged in the indictment and sentenced accordingly. Appellant filed a direct appeal to this court challenging the trial court's decision. We unanimously affirmed the judgment of the trial court in State v. Johnson (Jan. 30, 1989), Clinton App. No. CA88-02-002, unreported. Leave to appeal to the Supreme Court of Ohio was denied on June 7, 1989 for lack of a substantial constitutional question. A motion for delayed reconsideration in the Supreme Court of Ohio was denied on March 29, 1995.
On February 23, 1995, appellant filed a motion for postconviction relief and to vacate the verdict of the trial court pursuant to R.C. 2953.21. Thereafter, on March 30, 1995, by leave of court, appellant filed an amended motion for postconviction relief and to vacate the verdict of the trial court. The trial court denied appellant's petition for postconviction relief in an order dated June 8, 1995. We unanimously affirmed the judgment of the trial court in State v. Johnson (Jan. 16, 1996), Clinton App. No. CA95-07-018, unreported.
On June 18, 1996, appellant filed an application for delayed reopening and reconsideration of direct appeal pursuant to App.R. 14(B) and 26(B). We denied appellant's application by entry filed September 11, 1996. On January 15, 1997, the Supreme Court of Ohio dismissed appellant's appeal of his denied application.
On April 4, 1997, appellant filed his second petition for postconviction relief. On April 24, plaintiff-appellee, the state of Ohio, filed a motion to dismiss appellant's petition. On May 1, 1997, appellant filed a "contra response to respondent's motion for summary judgment" to which the state replied on May 16, 1997. By judgment filed June 13, 1997, the trial court denied appellant's second petition for postconviction relief. Appellant now appeals, setting forth three assignments of error.
In his first assignment of error, appellant argues that it was error for the trial court to dismiss his first and second petitions for postconviction relief on res judicata grounds inasmuch as he was represented by the same counsel at trial and on direct appeal.
We first note that we will not address the denial of appellant's first petition for postconviction relief since we have already done so by entry filed January 16, 1996. We further note that the judgment of the trial court does not specify on what grounds the court dismissed appellant's second petition for postconviction relief. However, it is well-established that "trial courts have greater leeway when addressing successor petitions for postconviction relief and are not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for postconviction relief which alleges the same grounds as earlier petitions." State v. Apanovitch (1995), 107 Ohio App.3d 82, 89.
In his second petition for postconviction relief, appellant raised the following five claims: (1) that his conviction for felonious assault was void because the conduct proved by the state at trial did not constitute the offense charged; (2) that his conviction for weapons under disability was void because of ineffective assistance of trial counsel; (3) that the foregoing conviction was also void because of state and court interference; (4) that the foregoing conviction was also void because the state never notified him he was still under disability after issuing him a restoration of rights form; and (5) that his conviction for felonious assault was void as a matter of law. Appellant now contends that the above claims were erroneously dismissed by the trial court on res judicata grounds.
It is well-established that the doctrine of res judicata precludes a petitioner in a postconviction relief proceeding from litigating any issue which was raised or could have been raised by the petitioner in the trial court or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, syllabus. While appellant is correct that res judicata does not bar a petitioner from asserting ineffective assistance of trial counsel in his petition for postconviction relief where the petitioner was represented by the same counsel at trial and on direct appeal, appellant is incorrect in his belief that res judicata can never apply to a petition for postconviction relief regardless of the claims it raises (with the exception of a claim of ineffective assistance of trial counsel), solely because the petitioner was represented by the same counsel at trial and on direct appeal. Because appellant's first, third, fourth, and fifth claims as raised in his second petition for postconviction relief were either raised or could have been raised at trial or on direct appeal, we find that they were properly dismissed by the trial court.
In his second claim, appellant argues that he received ineffective assistance of trial counsel based upon his trial counsel's failure to present a mistake of fact defense to the offense of having weapons while under disability. Specifically, appellant argues that he possessed a good faith, honest belief that the restoration of rights form he received from the Ohio Adult Parole Authority restored his right to possess a firearm and that as a result, his trial counsel should have asserted the mistake as a complete defense to the charge of having weapons while under disability.
In State v. Strickland (Sept. 12, 1997), Montgomery App. No. 16294, unreported, the Second Appellate District considered and aptly rejected an identical argument as follows:
 R.C. 2923.14 sets forth the only procedure for receiving relief from disability. Consequently, [appellant's] argument, in essence, is that he was unaware of R.C. 2923.14 and mistakenly believed he was allowed to possess a firearm because he had received a certificate from the Ohio Adult Parole Authority. This "mistake" constitutes a mistake of law rather than a mistake of fact and does not negate the "knowing" element of R.C. 2923.13(A). The statute provides that "unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: * * * (2) such person * * * has been convicted of any felony of violence * * *." The "knowing" requirement in the statute relates to acquiring, having, carrying, or using a weapon. [Appellant's] argument is not that, due to a mistake of fact, he unknowingly possessed the firearm. Rather, he argues that he knowingly possessed the firearm but mistakenly thought his possession was legal. A mistake of law, however, provides no defense. State v. Pinkney (1988), 36 Ohio St.3d 190, 198, * * * and his trial counsel was not ineffective for failing to raise the issue.
In light of the foregoing, we find that appellant's claim of ineffective assistance of counsel as raised in his second petition for postconviction relief was properly dismissed by the trial court. We further find that as a result, the trial court did not err in dismissing appellant's second petition for postconviction relief. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that "[i]t was plain error for the trial court to dismiss Appellant's postconviction petition based upon the untimely filing thereof when Appellant demonstrated an acception [sic] under O.R.C.'2953.23(A)(1)-(b) (2)."
We note at the outset that in its judgment, the trial court made no references to R.C. 2953.23. The record shows however, that in its motion to dismiss, the state argued, interalia, that appellant had failed to state any factual basis for relief under R.C. 2953.23(A)(1) or (2).
R.C. 2953.23(A) provides:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. (Emphasis added.)
Appellant first argues that his second petition for postconviction relief satisfied R.C. 2953.23(A)(1)(b) and (2), and thus should have been entertained by the trial court, inasmuch as four months after this court's 1989 decision but before his conviction became final as defined in Allen v. Hardy (1986), 478 U.S. 255,106 S.Ct. 2878, the Supreme Court of Ohio recognized in State v. Brooks (1989), 44 Ohio St.3d 185, a new state right that applies retroactively to appellant's situation. Appellant correctly cites Brooks for the proposition that merely pointing a deadly weapon at another, without more, is insufficient evidence to convict a defendant of felonious assault. Appellant is also correct that under Allen, a conviction is final when a judgment is rendered, the availability of appeal exhausted, and the time for petition for certiorari has elapsed.
However, we reject appellant's argument for the following reasons. R.C. 2953.23(A)(1)(b) clearly requires a showing that the United States Supreme Court has, since the petitioner's last petition, recognized a new federal or state right that applies retroactively to the petitioner. The alleged right upon which appellant bases his argument was recognized by the Supreme Court of Ohio, not by the United States Supreme Court as mandated by R.C. 2953.23(A)-(1)(b). While in Allen the United States Supreme Court defined, in a footnote, when a conviction became final, the real issue in the opinion was whether Batson v. Kentucky (1986),476 U.S. 79, 106 S.Ct. 1712, which changed the standard for proving unconstitutional use of peremptory challenges, should apply retroactively on collateral review of convictions that became final before the Batson opinion was announced.
It is axiomatic that the holding in Allen does not apply to appellant's situation. Because the right relied upon by appellant is not a new right recognized by the United States Supreme Court to apply retroactively to appellant, we find that appellant is thus unable to satisfy R.C. 2953.23(A)(1)(b).
Appellant also argues that his second petition for post-conviction relief satisfied R.C. 2953.23(A)(1)(a) in that his trial counsel's failure to present and proffer a mistake of fact defense and an "entrapment by estoppel" defense to the offense of having weapons while under disability unavoidably prevented him from discovery of the facts upon which he must rely to present his claim for relief.
We note at the outset that we are unaware of the defense of "entrapment by estoppel." As appellant has not cited any case law or statutes in support of this defense, we are left in the dark as to what this defense entails.
R.C. 2953.23(A)(1)(a) clearly requires a showing of unavoidable prevention from the discovery of necessary facts. The errors asserted by appellant, i.e., his trial counsel's failure to present and proffer a mistake of fact defense and the so-called "entrapment by estoppel" defense, were cognizable at the time of appellant's conviction in 1987. As a result, we find that appellant is unable to satisfy R.C. 2953.23(A)(1)(a). We further find that because appellant neither satisfied R.C.2953.23(A)(1)(a) nor R.C. 2953.23(A)(1)(b), the trial court was not required to entertain his second petition for postconviction relief. As a result, the trial court did not err in dismissing appellant's second petition. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the trial court "abused its discretion and erred as a matter of law in granting [the state] summary judgment * * *."
The record shows that following the filing of appellant's second petition for postconviction relief, the state filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The state never filed a motion for summary judgment. Yet, when filing his response to the state's motion to dismiss, appellant mistakenly labeled it as a "contra response to respondent's motion for summary judgment" in which he moved the trial court to overrule the nonexisting state's motion for summary judgment.
The record further shows that in its June 13, 1997 judgment, the trial court sustained the state's motion to dismiss, dismissed appellant's petition, and made no references to a motion for summary judgment. While a motion to dismiss for failure to state a claim can be converted by a trial court into a motion for summary judgment, Civ.R. 12(B) and 56(C), Federated Dept. Stores, Inc. v. Lindley (1987), 30 Ohio St.3d 135, 137, the record shows that the trial court did not do so in the case at bar. Appellant's third assignment of error is accordingly overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.