OPINION AND JUDGMENT ENTRY
This is an appeal from a December 14, 1998 judgment of the Wood County Court of Common Pleas that appellee, Mary Ann Klien, was entitled to summary judgment on claims brought by appellants, John Hall and Marilyn Hall, for injuries suffered by appellant Marilyn Hall when she was thrown by a horse she purchased from appellee and for loss of consortium to appellant John Hall. Appellants have presented two assignments of error for consideration that are:
"FIRST ASSIGNMENT OF ERROR:
 __________THE TRIAL COURT ERRORED [ SIC] IN GRANTING
 SUMMARY JUDGMENT TO DEFENDANT WITHOUT SETTING A DATE FOR SUBMISSION.
"SECOND ASSIGNMENT OF ERROR:
 __________THE TRIAL COURT'S GRANTING OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WAS CONTRARY TO LAW."
The undisputed facts in this case are that appellants bought a horse from appellee on December 2, 1997. The reason they bought the horse was for pleasure riding and for a 4-H project for their teen-age daughter. On January 11, 1998, appellant Marilyn Hall was riding the horse, when according to her complaint, she was thrown from the horse when it reared suddenly without any provocation. She suffered bodily injury.
Appellants sued appellee alleging that she knew or should have known that the horse was not suitable for pleasure riding without further training. Appellants alleged that appellee had impliedly warranted that the horse would be suitable for pleasure riding and for a 4-H project. Finally, they alleged that appellee breached a duty to warn them of the horse's dangerous propensities. They sought damages for the bodily injury and loss of wages suffered by appellant Marilyn Hall and for the loss of consortium that resulted to John Hall. Appellant filed an answer denying any liability.
On July 16, 1998, the trial court filed a trial and pretrial scheduling order containing the following provision:
 "Motions for Summary Judgment shall be filed no later than November 13, 1998. Memorandum in Opposition thereto will be due fourteen (14) days after the filing of the Motion and Reply Memorandum seven (7) days thereafter.
 If counsel requests a hearing, it must be endorsed upon the Motion or responsive brief or pleading and included in the caption, or the Court will decide the Summary Judgment Motion on the Briefs filed."
On November 12, 1998, appellee filed a motion for summary judgment. In her memorandum in support of her motion, appellee argued that she had immunity from liability because:(1) provisions found in R.C. 2305.321 granted immunity to her since appellant Marilyn Hall was participating in an equestrian activity when she was injured; (2) appellee had no knowledge the horse was dangerous; (3) appellee made no implied warranty to appellants; (4) appellants brought two experienced horsemen with them to inspect the horse before they bought it, and they relied upon the opinions of those two horsemen, not upon anything said by appellee, when they decided to buy the horse, so R.C.1302.29(C)(2) applied to remove any implied warranty claim; (5) appellants had the horse for six weeks before the accident and had ample time to make a complete inspection and to be satisfied with the horse, again freeing appellee from liability for any implied warranty; and (6) appellant Marilyn Hall assumed the risk when she rode the horse. Appellee also attached her affidavit in support of her motion in which she averred the horse "never displayed any dangerous attributes or propensities" when she owned it, that she did not make any warranties and that appellants relied upon the opinion of the two experienced horsemen they had inspect the horse for them before they bought the horse.
Appellants did not file any response to appellee's motion for summary judgment. On December 14, 1998, the trial court filed a judgment entry in which it ruled:
 "Upon consideration of the motion, affidavit and pleadings, the Court finds that Defendant's motion is well-taken."
Appellants then filed this appeal.
In support of their first assignment of error, appellants argue that the trial court had an obligation to provide them with written notice of a non-oral hearing date. They say that pursuant to Civ.R. 56(C), they were entitled to serve and file affidavits opposing the motion for summary judgment. They say that in this case the trial court never set a date for a hearing and never informed the parties when the motion would be considered submitted for decision.
Appellee responds that the local rules in effect for the Wood County Court of Common Pleas establish the time frame for parties to respond to a motion for summary judgment and explain when a case will be considered submitted for decision. Appellee says that the trial court did not have to give a separate, written notice to appellants of a non-oral hearing date because appellants could calculate that date for themselves using the local rule provisions. In the alternative, appellee says that even if the local court rules did not suffice to set a time line for a response, the trial court's pretrial scheduling order informed appellants they had seven days to respond to the motion for summary judgment and, thereafter, the court would consider and decide the motion on the basis of the written briefs.
The local rule to which appellee refers is Loc.R. 4.04 of the Court of Common Pleas of Wood County, General Division, which provides:
 "A. Each motion must be submitted by separate pleading with representations of fact to support the motion and a memorandum of law containing citations to authority in support of the motion.
 "B. Copies of briefs and memoranda provided for the judge shall have attached thereto a copy of all cases, statutes, or other references cited or referred to.
 "C. If the motion is one to continue a matter, to vacate a hearing or trial, or a similar motion where citations are not necessary, the memorandum must contain representations of fact verified by the attorney or an affidavit in support of the motion. See also Local Rule 4.01(G).
 "D. All motions must be accompanied by a separate proposed Order.
 "E. The following motions may be considered ex parte:
 "1. Confirmation of sale; granted immediately if approved by all parties, otherwise, granted 5 days after sale.
"2. Amend a pleading.
"3. File a Third party complaint.
 "4. Withdraw as attorney of record; (as set forth in Local Rule 4.13)
"5. Enlarge time to move or plead;
"6. Vacate a trial or hearing date;
"7. Substitute parties;
"8. Compel discovery;
"9. Reconsider;
"10. Dismiss by stipulation;
 "11. Temporary restraining order; (for domestic relation cases, see Local Rule 6.04)
"12. To intervene;
"13. For leave to answer or otherwise plead;
"14. Motion in limine.
"15. Any other motion, for good cause shown.
 "F. For all motions not specified in (E) above, opposing counsel shall serve any desired response within 14 days after service of the initiating filing unless otherwise ordered.
 "G. Unless required by other Rule or requested by counsel, all motions shall be considered submitted upon the written motion, affidavits, and memoranda. If counsel requests a hearing, it must be endorsed upon the motion and included in the caption.
 "H. Any motion to file an amended pleading shall have a copy of the proposed amended pleading attached thereto."
We agree with appellee that when these provisions are read together, it is clear that any response to a motion for summary judgment, including affidavits, must be filed within fourteen days from the date the motion for summary judgment is filed.
According to our research, several of the district courts of appeal in Ohio have reached the conclusion that a local court rule can set the time line for filing and responding to motions for summary judgment and a trial court does not have to issue a separate, written notice of a non-oral hearing date before deciding whether to grant summary judgment. See, e.g., Novosel v.Gusto, Inc. (Dec. 3, 1998), Cuyahoga App. No. 73575, unreported;Cowen v. Lucas (June 30, 1997), Scioto App. No. 96CA2456, unreported; Chestnut Ridge Dev. Co. v. The Ohio Bar Title Ins. Co.
(Jan. 31, 1996), Lorain App. No. 95CA006129, unreported. Other district courts of appeal have ruled that provisions in a local rule do not, by themselves, set a date for a non-oral hearing.
For instance, the Tenth District Court of Appeals said:
 "[A]ctual notice in writing of the day fixed for the hearing, whether oral or non-oral, must be given to the non-moving party at least fourteen days prior to the day fixed for the hearing and no local rule can dispense with this requirement. See O'Brien v. Univ. Community Tenants Union (Mar. 27, 1975), Franklin App. Nos. 74AP-427, 74AP-471 and 74 AP-502, unreported; Federated Dept. Stores, Inc. v. Lindley (1987), 30 Ohio St.3d 135, 30 OBR 447, 507 N.E.2d 1114, and Petrey v. Simon
(1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285. Civ.R. 56(C) permits the filing of evidence by the opposing party prior to the day fixed for the hearing (of which written notice has been given), and it would be absurd to require the filing of the written (non-oral) argument prior to the time the evidence is filed and application of Loc.R. 21.01 of the trial court could deprive both parties of an opportunity to brief the motion in light of the evidence presented by the opposing party." Wise v. Ohio Dept. of Rehabilitation and Correction
(1992), 84 Ohio App.3d 11, 15.[1]
Likewise, the First District Court of Appeals and the Eleventh District Court of Appeals have ruled that a trial court may not rely on a time-frame set by a local rule to set a date for a non-oral hearing on a motion for summary judgment. Instead, the trial court must give written notice of the date for the non-oral hearing. See, e.g. Manor Care Nursing and Rehabilitation Centerv. Thomas (1997), 123 Ohio App.3d 481, 486; Laituri v. Nero (Dec. 31, 1998), Lake App. Nos. 97-L-083 and 97-L-155, unreported.
Like the Ninth District Court of Appeals of Ohio, we reject the "`cumbersome approach'" adopted by the districts which require a trial court to issue a separate written notice of a non-oral hearing date for a motion for summary judgment, when a local rule is already in effect to set the time for filing all written arguments and supporting evidence and for the non-oral hearing. See Chestnut Ridge Dev. Co. v. The Ohio Bar Title Ins.Co. (Jan. 31, 1996), Lorain App. No. 95CA006129, unreported. We hold that the local rule in effect in this case provided appellants with notice of the deadlines for filing all written response and any evidence in support of the written response to a motion for summary judgment, and provided them with notice of the time for the non-oral hearing. In the alternative, even if the local rules did not provide sufficient notice, the pretrial scheduling order issued by the trial court in this case did inform appellant of the deadlines for filing a response to a motion for summary judgment and any evidence in support of that response. Appellants' first assignment of error is not well-taken and is denied.
In support of their second assignment of error, appellants argue that appellee failed to show that she is entitled to judgment as a matter of law, and the trial court should have denied her motion for summary judgment. Appellants argue that the provisions of R.C. 2305.321(B) do not apply in this case and cannot form the basis of immunity from liability for appellee because at the time appellant Marilyn Hall was injured by the horse appellee was not an: 1) equine activity sponsor; b) equine activity participant; c) equine professional; d)veterinarian; or e) farrier. Furthermore, appellants argue that appellant Marilyn Hall was not an equine activity participant pursuant to the definition found in R.C. 2305.321(A)(2)(a)(i), so appellee is not entitled to statutory immunity.
Appellee reasserts the arguments she presented to the trial court, including her argument that she has immunity from liability in this case because of the provisions of R.C. 2305.321. She argues that even if R.C. 2305.321 does not provide her with immunity, the trial court's decision should be affirmed because she presented undisputed evidence to show there she made no implied warranty in this case and she did not breach any duty to inform appellants about known dangerous tendencies of the horse.
This court, like the trial court, is governed by the provisions of Civ.R. 56(C) when considering whether summary judgment can be granted. Civ.R. 56(C) provides, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Keeping this standard in mind, we have reviewed the record and the arguments in this case.
We agree with appellee that even if we assume arguendo
that the provisions of R.C. 2305.321 do not provide appellee with immunity from liability, the trial court's grant of summary judgment should be affirmed. Appellee provided sufficient evidence to show she did not give an implied warranty of fitness for a particular purpose and that she did not breach a duty to warn appellants of known dangerous propensities of the horse.
As the Second District Court of Appeals has said:
 "Ohio courts have set forth the following test to determine whether an implied warranty of fitness for a particular purpose has been created: (1) the seller must have reason to know of the buyer's particular purpose; (2) the seller must have reason to know that the buyer is relying on the seller's skill or judgment to furnish or select appropriate goods; and (3) the buyer must, in fact, rely upon the seller's skill or judgment." Leal v. Holtvogt (1998), 123 Ohio App.3d 51, 67.
In this case, only the first part of the test is satisfied. Appellants alleged in their complaint that appellee knew the purpose they had for buying the horse was to use it for pleasure riding and for their teen-aged daughter's 4-H project. However, appellee provided evidence, through her affidavit, that she had no reason to know appellants were relying upon her to furnish or select a horse that would fit their particular purposes. Instead, she averred that appellants brought two experienced horsemen with them to inspect the horse, and that appellants relied upon the opinions of the two experienced horsemen to make the decision to purchase the horse. Appellee's affidavit was undisputed. Accordingly when the undisputed facts are viewed in a light most favorable to appellants, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law because no implied warranty of fitness for a particular purpose was created in this case.
In addition, appellee averred that she had no knowledge that the horse had any dangerous propensities. Appellants did not present any evidence to show appellee knew or should have known that the horse had dangerous propensities. In cases analogous to this case, riding stables that rented horses to customers for pleasure riding were not considered negligent when the customers were thrown from a horse if there was no evidence to show the riding stable personnel knew or should have known that the horse had dangerous traits. See e.g., Troop A Riding Academy v. Miller
(1934), 127 Ohio St. 545, paragraph two of the syllabus; Cliftonv. Holliday (1949), 85 Ohio App. 229, 232; Reynolds v. KenwoodRiding Club, Inc. (1938), 59 Ohio App. 453, 456. We find the same standard for negligence applies to the sale of a horse to a customer who plans to use the horse for pleasure riding. When the evidence in this case is viewed in a light most favorable to appellants, reasonable minds can only conclude that appellee is entitled to judgment as a matter of law on a negligence claim. Therefore, appellant's second assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JUDGMENT AFFIRMED
Peter M. Handwork, P.J., James R. Sherck, J., and Richard W. Knepper, J., CONCUR.
[1] However, a more recent, unreported opinion from the Tenth District Court of Appeals reached the opposite result, ruling that local rules did set the time limits for submitting evidence relating to a motion for summary judgment and set the date fora non-oral hearing on the motion. Hayes v. Murtha (Oct. 10, 1996), Franklin App. No. 96APEO4-512, unreported.