OPINION
{¶ 1} Defendant-appellant, Donald W. Stoyer, appeals from a judgment of the Franklin County Court of Common Pleas granting motions to dismiss appellant's counterclaim for failure to state a claim filed by plaintiff-appellee, Community Housing Network, Inc. ("CHN"), and nonparties Susan Weaver, Tiffany Jeffers, Anthony Penn, CHN board members, Kemp, Schaeffer, Rowe Lardiere Co., L.P.A., and Christopher L. Lardiere. For the following reasons, we affirm.
 {¶ 2} On May 31, 2005, CHN filed a complaint for restitution of the premises known as 96 North 26th Street, Apartment 16, Columbus, Ohio, 43203 in the Franklin County Municipal Court, due to appellant's failure to pay rent. The municipal court held a hearing on the complaint for restitution of the premises on June 27, 2005. Appellant failed to appear at the hearing. However, that same day, appellant, acting pro se, filed a counterclaim against CHN. Appellant also purported to assert claims against the nonparties. Ultimately, the municipal court granted restitution of the premises to CHN. Because appellant's counterclaim exceeded the jurisdictional limit of the municipal court, the counterclaim was transferred to the Franklin County Court of Common Pleas.
 {¶ 3} Although appellant attempted to appeal the municipal court's order of restitution, this appeal was dismissed. Therefore, the municipal court's order of restitution is not at issue here.
 {¶ 4} On September 29, 2005, CHN and the nonparties filed motions to dismiss appellant's counterclaim pursuant to Civ.R. 12(B)(6). The trial court granted the motions by judgment entry dated December 15, 2005.
 {¶ 5} Appellant, again acting pro se, appeals assigning the following errors:
Assignment of Error #1:
The Trial Court's first assignment of error is in regards to not considering and dismissing the Defendant's Counterclaim concerning the "law governing" this action pursuant to the Fair Housing Act and Civil Rights Act of 1866, which all state courts must follow federal law when it is indicated within a complaint or counterclaim, which the Trial Court failed to do, whereas;
Assignment of Error #2:
The Trial Court's second assignment of error is in regards to the properly joined parties pursuant to O.R.C. § 1923.081, within the Defendant's Counterclaim regarding Community Housing Network, Inc., et al., except did apply O.R.C. § Civil Rule 19, which would bar O.R.C. § 1923.081 regarding this action, whereas;
Assignment of Error #3:
The trial court denied due process of law regarding its motion to dismiss pursuant to O.R.C. § Civil Rule 12(B)(6), which in part the trial court abused its discretion in NOT implying that this action was 1) a one cause forcible entry and detainer action, which was in regards to forcible entry NOT damages pursuant to the landlords Complaint; and 2) that the damages was submitted and granted within an escrow account via Magistrate Mark A. Hummer decision, case number 2004 CVR 017557, and transferred to the Franklin Court of Common Pleas, case number 04 CV 011465, which CHN counsels had then REMOVED the 04CV 011465 action to the Federal District Court before the Honorable District Judge Michael H. Watson, case number 02:04 CV 01050 pursuant to 28 U.S.C. § 1331; federal question jurisdiction, which the escrow money was instructed to be temporarily held in the Common Pleas Court by the Clerk of the Federal District Court. See attached: Docket-Case Number 2004 CVR 017557, whereas[.]
 {¶ 6} Civ.R. 12(B)(6) authorizes a defendant to assert by motion the plaintiff's failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 458. Therefore, a trial court must limit its consideration to the four corners of the complaint when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v.Adjutant General of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 18. Moreover, a court must presume that all factual allegations in the complaint are true and all reasonable inferences must be drawn in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192;Ritchie v. Ohio Adult Parole Authority, Franklin App. No. 05AP-1019, 2006-Ohio-1210, at ¶ 16. However, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." State ex rel.Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490. Appellate review of motions to dismiss for failure to state a claim under Civ.R. 12(B)(6) is de novo. Perrysburg Twp. v. City ofRossford, 103 Ohio St.3d 79, 81, 2004-Ohio-4362; Ritchie,
supra, at ¶ 16.
 {¶ 7} Appellant argues in his first assignment of error that the trial court erred by applying state law rather than federal law in dismissing appellant's complaint for failure to state a claim. We disagree. After reviewing appellant's counterclaim, we are unable to discern a cognizable claim against CHN or the nonparties under federal or state law.
 {¶ 8} First, we note that appellant's counterclaim, in part, purports to assert claims against persons and entities who were not parties to the case. These persons and entities were never served with process. Nevertheless, these nonparties did not seek dismissal pursuant to Civ.R. 12(B)(2) (lack of jurisdiction over the person). Instead, the nonparties sought dismissal pursuant to Civ.R. 12(B)(6) (failure to state a claim). Therefore, we must determine whether appellant's counterclaim states a claim against these nonparties.
 {¶ 9} Although appellant's counterclaim comprises 24 pages, the precise nature of his claims against the nonparties is largely indecipherable. The foundation for all the claims appears to be fraud, but appellant completely fails to plead fraud with particularity as required by Civ.R. 9(B). The majority of appellant's allegations are legal conclusions, devoid of any factual context. Appellant makes little attempt to specify what conduct was fraudulent, how that conduct was fraudulent, how appellant relied on said alleged conduct or how appellant was damaged by the alleged conduct. The fact that appellant is acting pro se is immaterial because a pro se person "is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors." Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 17, quoting Dornbirer v.Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476. We simply cannot discern a cognizable claim against the nonparties in appellant's rambling, largely indecipherable allegations. Legal conclusions unsupported by any factual allegations are insufficient to withstand a motion to dismiss. Seikbert, supra, at 490.
 {¶ 10} Appellant's allegations against CHN are equally defective. Appellant argues that his counterclaim states a claim under federal law (i.e., Fair Housing Act, Civil Rights Act and/or HUD). However, after reviewing appellant's counterclaim, we are unable to discern a cognizable claim against CHN under federal or state law. Appellant simply does not allege sufficient facts to state a claim for relief. To the extent that we can decipher appellant's claims against CHN at all, his allegations are almost entirely conclusory in nature. Appellant makes almost no factual allegations. As previously noted, legal conclusions unsupported by any factual allegations are insufficient to withstand a motion to dismiss. Id. Therefore, appellant's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, appellant appears to contend that he properly asserted a counterclaim against CHN and that he properly joined the nonparties through his counterclaim. Although the record does not reflect that the nonparties were ever properly joined in this action, for the reasons previously noted, appellant's counterclaim fails to state a claim against CHN and/or the nonparties. Therefore, we overrule appellant's second assignment of error.
 {¶ 12} In his last assignment of error, appellant contends that granting the motions to dismiss violated his due process rights. Again, we disagree. Appellant has cited no legal authority, and we are aware of none, supporting his argument that granting a motion to dismiss violates due process when the plaintiff has failed to state a claim. Accordingly, appellant's third assignment of error is overruled.
 {¶ 13} In summary, we overrule appellant's three assignments of error, and for the reasons previously set forth, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and McGrath, JJ., concur.