**BAC HOME LOANS SERVICING, L.P., Appellee,**

v.

**KOLENICH et al., Appellants.**

[Cite as *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–11–299.

Decided July 5, 2011.

778

George J. Annos, for appellee.

James E. and Barbara Kolenich, appellants, pro se.

HENDRICKSON, Judge.

{¶ 1} Defendants-appellants, James E. Kolenich and Barbara R. Kolenich, appeal pro se the decisions of the Butler County Court of Common Pleas dismissing their counterclaims and granting summary judgment in favor of plaintiff-appellee, BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC"), in a foreclosure action. For the reasons discussed below, we affirm in part and reverse in part the judgment and remand the cause.

{¶ 2} On February 27, 2004, James Kolenich executed a promissory note in favor of Countrywide Home Loans, Inc., in the principal amount of $144,000. The note was secured by a mortgage on property located at 4857 Rialto Ridge Drive in West Chester, Ohio. The mortgage document designated James Kolenich as mortgagor, with his wife, Barbara Kolenich, executing the mortgage to release her dower interest in the property. Mortgage Electronic Registration Systems, Inc. ("MERS"), was designated as mortgagee as the nominee for Countrywide.

{¶ 3} On July 23, 2009, BAC filed a foreclosure action against the Koleniches, alleging that James Kolenich was in default on the payment of the note. BAC sought judgment on the note in the amount of $133,985.73 plus late fees and interest from February 1, 2009, and further sought to foreclose on the mortgage.

### The Koleniches' Motion to Dismiss

{¶ 4} In September 2009, the Koleniches, appearing pro se, moved to dismiss BAC's complaint pursuant to Civ.R. 12(B)(1). They argued that BAC failed to demonstrate that it was the current holder of the note and mortgage and therefore lacked standing to pursue the foreclosure action. In response, BAC filed an affidavit incorporating by reference a note and mortgage assignment executed on July 17, 2009, in favor of "BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing L.P.," by MERS as nominee for Countrywide. The assignment was recorded on July 27, 2009, in the Butler County Recorder's office.

{¶ 5} In its March 15, 2010 decision, the trial court denied the Koleniches' motion to dismiss. The court determined that there was no break in the chain of title between BAC, MERS, and Countrywide, and that BAC was entitled to bring the action as the real party in interest pursuant to the assignment.

### BAC's Motion to Dismiss

{¶ 6} Following the denial of their motion to dismiss, the Koleniches answered the complaint and asserted counterclaims against BAC for (1) fraudulent misrepresentation, (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) quiet title, and (4) the establishment of Barbara Kolenich's alleged dower interest in the property. The FDCPA and quiet-title claims were based on the Koleniches' assertion that the mortgage assignment to BAC was not valid, and therefore, BAC was not the proper party-plaintiff in the foreclosure action.

{¶ 7} BAC moved to dismiss the Koleniches' counterclaims pursuant to Civ.R. 12(B)(6). It argued, in part, that the Koleniches were not entitled to relief on their claims for a violation of the FDCPA and to quiet title because the trial court had determined in its March 15, 2010 decision denying their motion to dismiss that the note and mortgage assignment to BAC was valid. According to BAC, as a result of the court's previous decision, the Koleniches failed to state claims upon which relief could be granted.

{¶ 8} In its May 20, 2010 decision, the trial court granted BAC's Civ.R. 12(B)(6) motion to dismiss the Koleniches' counterclaims.

### BAC's Motion for Summary Judgment

{¶ 9} BAC also moved for summary judgment on its foreclosure complaint. Thereafter, the Koleniches requested a continuance pursuant to Civ.R. 56(F) to complete discovery and respond to the motion, which was granted by the trial court.

{¶ 10} Following an additional discovery continuance granted by the trial court, the Koleniches filed a "provisional response" in opposition to summary judgment,

in which they conceded that James Kolenich had not made payments on the note since in or around February 2009. However, they argued that BAC was not entitled to judgment in its favor, because it did not suffer damages as a result of James Kolenich's default. According to the Koleniches, BAC had been made whole by "collateral sources" through the United States government's Troubled Asset Relief Program ("TARP") and "at 100 cents on the dollar through [the government's] bailout of insurance company AIG." The Koleniches also claimed that there were issues of fact related to the validity of the note and mortgage assignment to BAC.

{¶ 11} In connection with their provisional response, the Koleniches filed an additional, Civ.R. 56(F) continuance to complete discovery as well as a motion to compel, claiming that BAC's responses to their discovery requests were insufficient, and that they needed additional time to develop their collateral-source and assignment-validity arguments. In its October 19, 2010 decision, the trial court denied the Koleniches' Civ.R. 56(F) motion and their motion to compel and granted summary judgment in favor of BAC on its foreclosure complaint.

{¶ 12} The Koleniches appeal the trial court's May 20 and October 19, 2010 decisions, raising two assignments of error for our consideration.[1]

{¶ 13} Assignment of Error No. 1:

{¶ 14} The [trial] court erred to the prejudice of the defendant[s] by granting summary judgment to plaintiff while plaintiff was resisting discovery.

{¶ 15} In their first assignment of error, the Koleniches challenge the trial court's decision granting summary judgment in favor of BAC on its note and mortgage-foreclosure claims. They argue that summary judgment was improper because BAC "resist[ed]" their attempts at discovering evidence relevant to their collateral source and assignment validity arguments.

{¶ 16} Summary judgment is a procedural device used to terminate litigation and avoid a formal trial where there are no issues in a case to try. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363, 370, 668 N.E.2d 982, citing *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615. This court reviews summary-judgment decisions de novo, which means that we review the trial court's judgment independently and without deference to its determinations. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. We use the same standard in our review that the trial court should have employed. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198.

---

1. Although the notice of appeal filed by the Koleniches included an appeal of the trial court's March 15, 2010 decision denying their motion to dismiss BAC's complaint, they have indicated in their merit brief that they are "abandon[ing]" their appeal of this decision.

{¶ 17} The Ohio Supreme Court has repeatedly held that summary judgment is appropriate under Civ.R. 56 when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201. The party moving for summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. The nonmoving party must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings. Id.; Civ.R. 56(E).

{¶ 18} Civ.R. 56(F) "affords a party a mechanism whereby it can seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery related to it." *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 168–169, 13 O.O.3d 191, 392 N.E.2d 1316. A motion for a continuance to conduct discovery under Civ.R. 56(F) " 'must be supported by a proper affidavit.' " *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, 943 N.E.2d 577, ¶ 20, quoting *St. Joseph's Hosp. v. Hoyt*, Washington App. No. 04CA20, 2005-Ohio-480, 2005 WL 293800, ¶ 24. General averments requesting a continuance for the purpose of discovery are insufficient, as " 'the party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance.' " Id.

{¶ 19} A trial court maintains the discretion to manage the discovery process. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659. Accordingly, a trial court's decision regarding the regulation of discovery will not be reversed on appeal absent an abuse of discretion. Id. at 57. A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 20} The record indicates that following the Koleniches' initial Civ.R. 56(F) request in April 2010, the court established a trial date of ·November 10, 2010, with discovery completion and summary-judgment deadlines of August 1 and August 15. Subsequently, in July 2010, the Koleniches moved to amend the court's scheduling order to allow for additional time to complete discovery. They claimed that they had served a first set of discovery requests and amended requests upon BAC in early June, but had yet to receive responses. The trial court granted the motion and extended the discovery and summary-judgment

deadlines to October 1, 2010. In its order, the court stated that "no further extensions will be granted, absent extraordinary circumstances."

{¶ 21} According to the record, BAC served responses to the Koleniches' discovery requests on August 16. On October 1, the Koleniches filed an additional Civ.R. 56(F) request to continue discovery. In his affidavit in support, James Kolenich averred generally that a continuance was necessary to obtain evidence to oppose summary judgment. The Koleniches also filed a motion to compel BAC to answer certain interrogatories and requests for production of documents. The interrogatories at issue related to the Koleniches' collateral-source and assignment-validity claims.

{¶ 22} In support of their Civ.R. 56(F) request, the Koleniches attached a magazine article written in March of 2009 by former New York State governor Elliott Spitzer, in which he posited that BAC, among other financial institutions, received TARP funds as well as compensation from the "AIG bailout." They also attached a letter purportedly written by Ohio Attorney General Jennifer Brunner to the United States District Attorney's office in Cleveland, Ohio, regarding the suspected violation of Ohio notary statutes in connection with mortgage assignments.

{¶ 23} The trial court denied the Koleniches' Civ.R. 56(F) motion and their motion to compel, concluding that they failed to present any evidence to suggest how the Spitzer article or the Brunner letter were specifically connected to the note and mortgage at issue. The court found, "[t]he Kolenich[es] have presented nothing that, even if assumed to be true, suggests that there may be additional evidence that they could obtain in discovery, whether from BAC, MERS or somewhere else, that would be in any way pertinent to either their admitted failure to make timely mortgage payments or the calculation of the amount BAC is owed as a result." The court also observed that the Koleniches were served with BAC's complaint in August 2009 and had over one year to conduct discovery in the case. The record indicates that the Koleniches did not serve discovery requests upon BAC until June 2010, and the trial court had granted discovery continuances on two previous occasions.

{¶ 24} The trial court also noted that it had determined in its March 15, 2010 decision that the note and mortgage had been properly assigned to BAC. As a result, the Koleniches' discovery requests with regard to the validity of the mortgage assignment were not relevant to the issues remaining in the case. Furthermore, the discovery sought regarding their collateral-sources argument related primarily to their fraudulent-misrepresentation counterclaim, which had been dismissed by the trial court in May 2010. The Koleniches indicated in their merit brief that they are not challenging the trial court's dismissal of this claim on appeal.

{¶ 25} Based on the foregoing, we do not find that the trial court's decision denying the Koleniches' discovery-related motions constituted an abuse of its discretion.

■■ {¶ 26} We further find that the trial court properly granted summary judgment in favor of BAC on its foreclosure complaint. "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Countrywide Home Loans, Inc. v. Baker*, Franklin App. No. 09AP–968, 2010-Ohio-1329, 2010 WL 1229180, ¶ 8.

{¶ 27} In support of its motion, BAC attached the affidavit of Gregory Price, its assistant secretary, who averred that BAC was in possession of the note, that the note was in default, and that "all of the prerequisites required under the note and mortgage necessary to accelerate the balance due" had been performed. Price further averred that the current balance due and owing on the note was $133,985.73 plus interest. A copy of the fully executed note and recorded mortgage were attached to the affidavit.

{¶ 28} Although the Koleniches speculate that the Spitzer article establishes that BAC had been made whole as a result of the receipt of TARP and other government funds and that the Brunner letter creates an issue of fact with regard to the effectiveness of the mortgage assignment, we find this purported evidence insufficient to preclude summary judgment. At no point in the proceedings has James Kolenich disputed that the note was in default, and in his brief in opposition to summary judgment, he admitted that "payments have not been made since on or about the date alleged by [BAC]." As discussed above, the Spitzer article relates to the Koleniches' fraudulent-misrepresentation claim, which had been previously considered and rejected by the trial court, and is not before this court on appeal. Moreover, their claim that the assignment was not valid was also disposed of in the trial court's March 15, 2010 decision. That decision is also not before us on appeal.

{¶ 29} In light of the foregoing, the Koleniches' first assignment of error is overruled.

{¶ 30} Assignment of Error No. 2:

{¶ 31} The [trial] court erred to the prejudice of the defendants by dismissing the defendant[s'] counterclaims.

{¶ 32} In their second assignment of error, the Koleniches argue that the trial court erred in granting BAC's Civ.R. 12(B)(6) motion to dismiss their counterclaims. Specifically, the Koleniches contend that their counterclaims set forth sufficient factual averments to defeat BAC's motion and that the court erred in relying on its March 15, 2010 decision in dismissing their FDCPA and quiet-title claims. As we discussed in our resolution of their first assignment of error, the

Koleniches have indicated that they are not appealing the court's dismissal of their fraudulent-misrepresentation counterclaim. We will therefore confine our review to their three remaining claims.

{¶ 33} Civ.R. 12(B)(6) authorizes the dismissal of a counterclaim if it fails to state a claim upon which relief can be granted. *Smith v. Waynesville*, Warren App. No. CA2007–03–039, 2008-Ohio-522, 2008 WL 351683, ¶ 6. In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the face of the counterclaim that the counterclaimant can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

{¶ 34} In construing a counterclaim upon a Civ.R. 12(B)(6) motion to dismiss, the trial court must " 'presume [the truth of] all factual allegations of the [counterclaim] and make all reasonable inferences in favor of the nonmoving party.' " *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, quoting *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. The trial court's review is confined to the averments in the counterclaim, and it may consider matters outside the face of the pleading only if it converts the motion into one for summary judgment under Civ.R. 56. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 618, 662 N.E.2d 1098. A court must notify the parties when it converts a motion to dismiss a counterclaim under Civ.R. 12(B)(6) into a summary-judgment motion. Id.; *Federated Dept. Stores, Inc. v. Lindley* (1987), 30 Ohio St.3d 135, 137, 30 OBR 447, 507 N.E.2d 1114. In addition, upon conversion of the motion, "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." See Civ.R. 12(B).

{¶ 35} A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal. *Sparks v. Bowling*, Butler App. No. CA2009–02–065, 2009-Ohio-5071, 2009 WL 3068795, ¶ 10, quoting *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Knoop v. Orthopaedic Consultants of Cincinnati, Inc.*, Clermont App. No. CA2007–10–101, 2008-Ohio-3892, 2008 WL 2955393, ¶ 8. An appellate court must independently review the counterclaim to determine whether dismissal was appropriate. *Sparks* at ¶ 10.

{¶ 36} With respect to Barbara Kolenich's counterclaim alleging the establishment of her dower interest, we find that the claim was properly dismissed pursuant to Civ.R. 12(B)(6). Upon review, we note that the totality of her claim alleges that she "has statutory rights in the subject property pursuant to R.C. 2103.041" and that she is "entitled to the remedies provided by law." Her prayer for relief requests the court to "take the actions regarding her dower rights and the instant property that are required by law."

{¶ 37} The allegations regarding Barbara Kolenich's alleged dower interest constitute legal conclusions, and her claim is devoid of any factual averments. Legal conclusions unsupported by factual allegations are insufficient to withstand a motion to dismiss for failure to state a claim. See *Community Hous. Network, Inc. v. Stoyer,* Franklin App. No. 06AP–73, 2006-Ohio-5094, 2006 WL 2789919, ¶ 9. Even if the court were to presume that Barbara Kolenich had dower rights, she failed to set forth any allegations to suggest that she is entitled to judgment against BAC under any particular theory of recovery.

{¶ 38} However, with regard to their additional counterclaims alleging a violation of the FDCPA and to quiet title, we are persuaded by the Koleniches' argument that the court erred in dismissing these claims under Civ.R. 12(B)(6).

{¶ 39} In granting BAC's motion, the court relied exclusively on its March 15 order denying the Koleniches' motion to dismiss. The court stated that it had "already considered and rejected" [the Koleniches'] argument, and had determined that there was no break in the chain of title between Countrywide and BAC, and that "BAC is the real party in interest entitled to bring this action."

{¶ 40} BAC argues that the trial court was permitted to rely on its previous decision under the law-of-the-case doctrine. We disagree. In considering the motion to dismiss, the trial court's review was confined to the "four corners" of the Koleniches' counterclaim. *Stoyer* at ¶ 6. Here, the court's decision was based on its prior ruling in the case, which went beyond the face of the counterclaim. Before the court was authorized to consider its prior ruling, it was required to convert the motion to dismiss to a motion for summary judgment. See generally *Lansing v. Hybud Equip. Co.,* Stark App. No. 2002CA00112, 2002-Ohio-5869, 2002 WL 31411311, ¶ 16; *Stewart v. Fifth Third Bank of Columbus, Inc.* (Jan. 25, 2001), Franklin App. No. 00AP–258, 2001 WL 58727, *3. In so doing, it was also required to provide notice of the conversion to the parties and allow them the opportunity to present evidentiary materials pursuant to Civ.R. 56. Id.

{¶ 41} Based on the foregoing, we conclude that the trial court properly dismissed Barbara Kolenich's dower-interest counterclaim pursuant to Civ.R. 12(B)(6). However, the court's dismissal of the Koleniches' counterclaims for violations of the FDCAP and to quiet title was improper under Civ.R. 12(B)(6), based on the court's reliance on its March 15, 2010 decision. The Koleniches' second assignment of error is therefore sustained in part and overruled in part.

Judgment affirmed in part
and reversed in part,
and cause remanded.

POWELL, P.J., and RINGLAND, J., concur.